HARRY M. WATSON, Petitioner, *v.* JOHN KOONTZ,
AS SECRETARY OF STATE OF THE STATE OF NEVADA,
RESPONDENT.

No. 4130

July 14, 1958.                                    328 P.2d 173.

*Samuel B. Francovich, Peter Echeverria, Harold O.
Taber,* and *J. Rayner Kjeldsen,* all of Reno, for Petitioner.

*Harvey Dickerson,* Attorney General, of Carson City,
for Respondent.

## OPINION

*Per Curiam:*

This matter is before this court on application of
Harry M. Watson for a peremptory writ of mandate
compelling John Koontz, as Secretary of State of the
State of Nevada, to accept and file the petitioner's dec-
laration of candidacy for district judge of the Seventh
judicial district court. Respondent has refused to accept

the declaration for filing upon the ground that it has not been filed within the time provided by law. NRS 294.120 provides that "not less than 50 days prior to the primary" candidates shall file their declarations of candidacy. The primary election has been fixed by law for September 2. NRS 294.035. It is conceded by both parties that today, July 14, is the 50th day prior to the primary. The sole question in dispute is whether, under NRS 294.120, the 50th day prior to the primary is the last day upon which declarations may be filed, or whether the last day is the 51st day. If the 51st day is the last day for filing, petitioner's filing comes too late.

Upon this issue respondent relies upon Seawell v. Gifford, 22 Ida. 295, 125 P. 182, Ann.Cas. 1914(A) 1132. The rule there announced was to the effect that under an identical statutory requirement a full interval of 50 days must elapse between the day of filing and the day of the election and that the last day for filing would thus be the 51st day prior to the election. Respondent points out that the Idaho case was relied upon by this court in its decision in State Ex Rel. George B. Thatcher v. Brodigan, 37 Nev. 458, 142 P. 520.

Such reliance was, however, upon a different point of law involving the time for filing where the final day as fixed by law falls upon a nonjudicial day. The facts disclose that the nonjudicial day in question was Sunday, the 30th day prior to the day of election. Our statute then required filing "at least 30 days prior to the primary election." Stat. 1913, c. 284, sec. 7. In determining what was the last day for filing it was apparently conceded by the parties and accepted by this court that under Nevada law the 30th day prior to the day of election was the last day to file. Clearly the Idaho rule in this respect was not followed in that case.

This construction was definitely adopted by this court in McCulloch v. Bianchini, 53 Nev. 101, 292 P. 617, 297 P. 503, dealing with the giving of notice of a school election. The words "not less than ten days before" were construed to permit the giving of notice on the 10th day. In the same case this court decided that the method of

computation of time as provided in the Civil Practice Act (by excluding the first day and including the last day in the count) was applicable in such cases.

The construction contended for by the petitioner has, therefore, been tacitly accepted by this court in one case and affirmatively adopted in another. Furthermore, it would seem to us to be the more reasonable construction. Under common usage, "one day prior to Tuesday" is not Sunday, but Monday. By the same token "50 days prior to any Tuesday" is a Monday, as in the case before us, while "30 days prior to any Tuesday" is a Sunday, as in the Brodigan case.

We conclude that under Nevada law the 50th day prior to the primary election is the last day upon which a candidate may file his declaration. This being so, a declaration tendered for filing on the 50th day must be accepted by the Secretary of State.

It is, therefore, ordered that a peremptory writ of mandate issue, directed to the respondent John Koontz, as Secretary of State of the State of Nevada, requiring that he accept the declaration of candidacy of the petitioner tendered to him this day.

Dated: July 14, 1958.