JERRY ROGERS AND KARLA ROGERS, INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED MINOR DAUGHTER, JAYLENE ROGERS; EDWARD KNOWLES; AND CONNIE C. KNOWLES, APPELLANTS, v. STATE OF NEVADA, RESPONDENT.

No. 5722

June 6, 1969                    455 P.2d 172

[Rehearing denied July 8, 1969]

*Echeverria and Osborne,* of Reno, for Appellants.

· *Harvey Dickerson,* Attorney General, and *Fred R. Rodgers,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The district court granted a motion to dismiss this case against the state for failure of the plaintiffs to timely file claims

with the ex officio clerk of the State Board of Examiners. Statute requires the presentation of claims to such clerk within six months from the time the cause of action accrues.[1] Here, the claims were presented to a member of the board of examiners rather than to the ex officio clerk. Presentation to such member was on the same day of the month six months after accrual of the causes of action. The main appellate issues concern the computation of time and the effectiveness of presenting claims to a member of the board rather than to its clerk. We rule that the claims were timely filed and in substantial compliance with statutory requirements.

A single car accident occurred on U.S. Highway 40 in which Jerry and Karla Rogers, Edward and Connie Knowles were injured, and Jaylene Rogers, the minor daughter of Jerry and Karla, was killed. The claimants charge the State of Nevada with negligence in the maintenance of that highway. The accident happened on September 8, 1967. Claims were presented to the Secretary of State on March 8, 1968, who in turn transmitted them to the ex officio clerk of the board of examiners on March 12, 1968. That board is composed of the Governor, the Secretary of State, and the Attorney General.

This action was commenced May 16, 1968. Since the board had not acted upon the claims, the complaint did not allege compliance with the claim statute. On June 4, 1968 the board reviewed and denied the claims. On August 2, 1968 an amended complaint was filed alleging the presentation and denial of the claims.

1. Substantial compliance with statutory requirements is sufficient. Hansen-Neiderhauser v. Nevada Tax Commission, 81 Nev. 307, 311, 402 P.2d 480 (1965); City of Reno v. Fields, 69 Nev. 300, 250 P.2d 140 (1952). Presentation of the claims to a member of the board of examiners is substantial compliance. Indeed, only the board can approve or deny the claims. The ex officio clerk is not involved in that decision. (See, e.g., Rice v. Clark County, 79 Nev. 253, 382 P.2d 605 (1963), where failure to serve one of two named recipients was held inconsequential, where one not served had no decisional authority.) To hold that such claims must be presented to the clerk, and that presentation to a member of the board is ineffective, would exalt form over substance. This,

[1] NRS 41.036(2) reads: "Every other claim against the state or any of its agencies shall be presented to the ex officio clerk of the state board of examiners within 6 months from the time the cause of action accrues."

we decline to do, and rule that the claims were presented on March 8, 1968 when served upon the Secretary of State.

2. The state insists that the phrase "within 6 months" used in NRS 41.036(2) should be construed to require filing before the expiration of the day preceding the same date, six months removed. Such a construction would require the instant claims to have been filed on or before March 7, 1968, and the filing with the Secretary of State on March 8 would be one day late. The claimants argue that the computation of any time period within which an act is to be done excludes the first day of the period and includes the last.

The proper method of computing time is as the claimants suggest and has been the rule of Nevada for many years. NCL 9029, since replaced by NRCP 6(a); McCulloch v. Bianchini, 53 Nev. 101, 292 P. 617 (1930); Watson v. Koontz, 74 Nev. 254, 328 P.2d 173 (1958).

NRCP 6(a) controls this case. It provides: "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included. . . ."

NRS 41.036 is, one, a statute and, two, applicable since it directs the filing of a claim with the state. It does not, however, specify how time shall be computed. NRCP 6(a) does so specify.

The state suggests that Kirk v. Parsons, 76 Nev. 442, 357 P.2d 120 (1960), supports its position. There, the court held that Rule 6(a) had no application to election contests, reasoning that a special law governed. We think that Kirk v. Parsons was incorrectly decided since the special law to which the court made reference did not specify how time was to be computed. Accordingly, we now expressly overrule that holding.

The filing of the claims in the case at hand was, therefore, within six months from the time the causes of action accrued.

3. Two subordinate matters must be considered. Edward and Connie Knowles did not themselves present claims. Jerry Rogers did so on their behalf. NRS 41.031 waives state immunity "provided the claimant complies" with the statutes governing suits against the state. The state urges that the filing of claims by Jerry Rogers on behalf of the Knowleses was not

"claimant compliance." Apparently Rogers was authorized to act for the Knowleses. There is nothing to suggest otherwise and we reject the technical contention of the state.

This action was prematurely filed since the board of examiners had not acted upon the claims presented to it, nor had 90 days elapsed from the receipt thereof. NRS 41.036(2). After the board did act the plaintiffs amended their complaint to so reflect. That new matter should have been introduced by a supplemental pleading since it did not exist when suit was started. NRCP 15(d); Las Vegas Network v. Shawcross, 80 Nev. 405, 395 P.2d 520 (1964). But since the statute of limitations is about to run, we shall treat the amended complaint as a supplemental complaint in this case.

Other claimed errors are without merit.

Reversed and remanded for further proceedings.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.