RICHARD JOSEPH ROMAINE, Appellant, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, FREDDIE LEWIS and VIVIAN BIGE-LOW LEWIS, Respondents.

No. 6430

May 24, 1971                    485 P.2d 102

*Stanley W. Pierce* and *Don L. Griffith,* of Las Vegas, for Appellant.

*Parraguirre, Rose, Pico & Norwood, Ltd.,* and *Richard W. Myers,* of Las Vegas, for Respondent State Farm Mutual Automobile Insurance Company.

*Douglas R. Pike,* of Las Vegas, for Respondents Freddie Lewis and Vivian Bigelow Lewis.

## OPINION

By the Court, ZENOFF, C. J.:

This action involves a suit for damages incurred on December 14, 1966 when an automobile driven by Vivian Bigelow Lewis collided with an automobile driven by Richard Joseph Romaine. Suit was commenced by filing the complaint on December 16, 1968, a Monday. State Farm, Romaine's insurer, was allowed to intervene as a defendant under its uninsured motorist clause and moved for summary judgment because of running of the two-year statute of limitations.[1] The motion was granted and this appeal follows.

The two-year statute of limitations expired in this case on December 14, 1968, computed by excluding the first day and including the last day. Rogers v. State, 85 Nev. 361, 455 P.2d 172 (1969). The question thus presented on this appeal is whether NRCP 6(a)[2] governs computation of the time period and allows filing of an action on Monday when the statute of limitations would have expired on the preceding Saturday.

---

[1]NRS 11.190. *Periods of limitations prescribed.* Actions other than those for the recovery of real property, unless further limited by NRS 11.205 or by or pursuant to the Uniform Commercial Code, can only be commenced as follows:

. . .

4. *Within 2 years:*

. . .

(e) An action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another. The provisions of this paragraph relating to an action to recover damages for injuries to a person shall apply only to causes of action which shall accrue after March 20, 1951.

[2]NRCP 6(a) *Computation.* In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a non-judicial day, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a non-judicial day. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and non-judicial days shall be excluded in the computation.

Respondents urge that NRCP 6(a) may not apply in this situation for two reasons: (1) Since the NRCP are rules of procedure they may apply only after the action has been commenced; and (2) Since the NRCP are merely court-adopted rules, their operation may not be effected in construction of a statute.

To a large degree these questions were resolved in Rogers v. State, 85 Nev. 361, 455 P.2d 172 (1969). In that case we held that NRCP 6(a) applied to NRS 41.036(2) and required inclusion of the first day of the period and exclusion of the last day in computing the prescribed six-month period.

1. In *Rogers,* we stated: "NRS 41.036 is, one, a statute and, two, applicable since it directs the filing of a claim with the state. It does not, however, specify how time shall be computed. NRCP 6(a) does so specify." 85 Nev. at 364. It was deemed unimportant that the effect of application of the rule there was to determine problems incidental to the pre-filing time period.

Admittedly, in the past there has been some division on this question. See 2 J. Moore, *Moore's Federal Practice,* ¶ 6.06[2] (1970); Joint Council, etc. v. Delaware L. & W. R. Co., 157 F.2d 417 (2d Cir. 1946) *(dictum);* and Davis v. United States Fidelity and Guaranty Company, 167 S.E.2d 214 (Ga.App. 1969). The better rule, however, and that reflected in *Rogers,* as well as numerous other cases, is that the rules of procedure may apply with regard to statutes of limitations. *See* 4 C. Wright and A. Miller, *Federal Practice and Procedure,* § 1163 (1969). "Any split which may have once existed throughout the Federal circuits is definitely narrowing toward the liberal view." Brown v. Porter, 163 N.W.2d 709, 710, n. 3 (Mich.App. 1968).

2. *Rogers* also goes far toward resolving this second problem. Respondent argues, however, that the instant situation is different from that in *Rogers* because there the application of NRCP 6(a) did not result in an extension of the prescribed period whereas application of that rule here would result in the imposition of a two-year-and-two-day period of limitations.

Though the asserted distinction between *Rogers* and this case may be real, the effect of that distinction is not compelling. Application of NRCP 6(a) here does not result in the modification of the prescribed statutory period. "This is merely a judicial interpretation of 'how' an action is to be brought after the legislature has specified 'what' actions may be brought." *Brown,* supra, at 710.

Indeed, the United States Supreme Court applied FRCP

6(a) to a statutorily prescribed time period, in Union National Bank v. Lamb, 337 U.S. 38 (1949). The Court stated: "Since the rule had the concurrence of Congress, and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6(a) are equally applicable to 28 U.S.C. § 2101(c)." *Id.* at 40. It is noteworthy that NRS 1.120 by which the legislature enabled this court to adopt the Nevada Rules of Civil Procedure is very similar to 48 Stats. 1064, now 28 U.S.C. § 2072 (1959), "concurrence of Congress" mentioned in *Lamb*.

By virtue of NRCP 6(a), as applied in *Rogers,* it is apparent that the Monday filing of this action was timely and summary judgment should not have been entered.

Reversed and remanded.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.