HELEN GOLDBERG, DAVID GOLDBERG, ANDREA GANZ AND PAULA GOLDBERG, APPELLANTS, *v.* CHARTER MEDICAL CORPORATION, DBA DESERT SPRINGS HOSPITAL, RESPONDENT.

No. 13709

September 23, 1982                    651 P.2d 94

*Sorenson & Doyle,* Las Vegas, for Appellants.

*Beckley, Singleton, DeLanoy & Jemison,* and *Sherman B. Mayor,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is a wrongful death action in which the district court

---

entered summary judgment for respondent. The district court ruled that the action was barred by the statute of limitations. We disagree and reverse.

Appellants' decedent died on June 19, 1979. The complaint was filed on June 19, 1981. Appellants contend, among other things, that the applicable statute of limitations is NRS 11.190(4)(e),[1] and that the two-year limitations period in that statute did not begin to run until June 20, 1979, the day after decedent's death. Thus, under appellants' calculations, the complaint was filed on the last day of the limitations period. Respondent contends that the limitations period began to run on the date of death, and that the complaint was filed one day late.

In Romaine v. State Farm Mut. Auto. Ins. Co., 87 Nev. 257, 485 P.2d 102 (1971), we held that NRCP 6(a)[2] governs computation of the two-year limitations period set forth in NRS 11.190(4)(e). See also Rogers v. State, 85 Nev. 361, 455 P.2d 172 (1969). Our decision in Romaine is directly applicable to the present case, and we perceive no reason to alter or overrule that decision.[3]

Applying NRCP 6(a) to this case, the date of death should not have been included in computing the limitations period.

---

[1]NRS 11.190(4)(e) sets forth a two-year limitation on an action "to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another."

[2]NRCP 6(a) provides, in part, as follows:

In computing any period of time prescribed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, . . .

[3]Respondent relies on NRS 11.200, and argues that the date of death should be included in the limitations period. That statute provides:

The time in NRS 11.190 shall be deemed to date from the last transaction or the last item charged or last credit given; and whenever any payment on principal or interest has been or shall be made upon an existing contract, whether it be a bill of exchange, promissory note or other evidence of indebtedness if such payment be made after the same shall have become due, the limitation shall commence from the time the last payment was made.

Respondent argues that in Romaine the statute "may simply have been overlooked." However, the statute appears applicable only to cases involving transactions lasting more than one day. Furthermore, even if we assume that NRS 11.200 applies to personal injury and wrongful death actions, the statute merely establishes the date of the act or event forming the basis of the complaint. The statute does not establish the beginning and ending dates of the limitations period. Rather, as mentioned above, NRCP 6(a) performs that function.

Consequently, the complaint was filed on the last day of the two-year period. The district court committed error by ruling otherwise.

We reverse the judgment, and we remand for further proceedings.