652 P.2d 1365 (1982)
Marinan Linay OLSON, Appellant (Plaintiff),
v.
CAMPBELL COUNTY MEMORIAL HOSPITAL, a body corporate; Board of Trustees of Campbell County Memorial Hospital; Dr. F. Leigh Hemphill, M.D.; Linda Johnson, nurse; and Does 1 through 3, Appellee (Defendants).
No. 5710.
Supreme Court of Wyoming.
October 27, 1982.
Kirby Thomas, Thomas, O'Neil & Padget, Gillette, for appellant.
Joe E. Vlastos, Vlastos, Reeves & Murdock, Casper, for appellees.
Before ROSE, C.J., and RAPER, THOMAS, ROONEY and BROWN, JJ.
ROSE, Chief Justice.
We are here asked to determine whether or not the trial judge correctly dismissed appellant's medical malpractice action on the grounds that it was untimely filed under the applicable statute of limitations.
The facts reflect that on November 12, 1979 the appellant Marinan Olson was admitted to Campbell County Memorial Hospital complaining of chest pains. In order to diagnose the problem, appellant was subjected to a variety of tests including an arterial blood gas test. In giving this test, appellant's left brachial artery was punctured or lacerated and surgery was required to repair the damaged artery.
Appellant filed a complaint on November 12, 1981 in which she alleged that her injuries had been caused by the negligence of the hospital and her treating physician. In his answer, the defendant doctor plead affirmatively that appellant's action was barred by the two-year statute of limitations embodied in § 1-3-107, W.S. 1977.[1] *1366 The defendant Hospital was later permitted to amend its answer to include the statute-of-limitations defense.
The trial judge held a hearing on May 19, 1982, after which he issued an order dismissing the action on the grounds that it was not filed within the time limitation contemplated by § 1-3-107, W.S. 1977. In reaching his decision, the judge rejected appellant's argument that Rule 6(a), W.R.C.P.[2] should be applied because he felt that the provisions of § 5-2-115(b)[3] precluded the application of a court rule to the provisions of a statute of limitations.
The sole question for our decision is whether Rule 6(a), W.R.C.P. is applicable to § 1-3-107, W.S. 1977, in a way which would permit the conclusion that appellant's action was filed in a timely manner. Since we find that the case law supports the applicability of Rule 6(a) to statutes of limitations with respect to any facts with which we are here concerned, we will hold that the trial judge erred in dismissing appellant's action and will reverse.

THE LAW
In essence, Rule 6(a), W.R.C.P. is a rule of counting, and, for purposes of this case, the pertinent portion is the following:
"In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included." (Emphasis added.)
Other portions of the rule concern themselves with situations where the last day of a period falls on a "Saturday, a Sunday, or a legal holiday" and the language provides that in such situations the time will be extended to the next day which is not a *1367 "Saturday, a Sunday, or a legal holiday." See: Rule 6(a), W.R.C.P., supra n. 2. This last portion of Rule 6(a) is not applicable here since we are not involved with a circumstance in which the last day to file appellant's action fell on a "Saturday, a Sunday, or a legal holiday." Rather, our attention is drawn to the single question which asks whether or not the above-quoted portion of Rule 6(a) can properly be applied to the statute of limitations (§ 1-3-107).
The language of Rule 6(a), W.R.C.P. is, in most respects, identical to the language of the federal rule,[4] and the question with which we are faced in this case has been addressed by the federal courts on numerous occasions. The result of the federal treatment of the question is that a clear majority of the courts have determined that Rule 6(a), F.R.C.P. (amended 1971) is applicable to questions involving the running of statutes of limitations. See: 4 Wright & Miller, Federal Practice and Procedure, § 1163, pp. 614-615 (1969). The reasoning behind the holdings derives from the viewpoint that the "any applicable statute" language of the rule is certainly broad enough to encompass a statute of limitations and that application of Rule 6(a) is consistent with the liberal spirit of the rules and their design to avoid "`setting traps for the unwary.'" Id. See also: Gammons v. Domestic Loans of Winston-Salem, Inc., 423 F. Supp. 819 (M.D.N.C. 1976); Bulls v. Holmes, 403 F. Supp. 475 (E.D.Va. 1975); Pennsylvania Public Utility Commission v. United States, 311 F. Supp. 1024 (M.D.Pa. 1970). The courts taking the majority position have also expressed the thought that federal Rule 6(a) is merely a rule of statutory construction to be applied to the time limits contained in statutes of limitations, United States v. Cia Luz Stearica, 181 F.2d 695 (9th Cir.1950); Wilson v. Southern Railway Co., 147 F.2d 165 (5th Cir.1945). There are, however, some federal courts which have refused to apply Rule 6(a) to statutes of limitations because, in their view, statutes of limitations are substantive in nature and the time periods cannot be extended by application of the rule's provisions. Rust v. Quality Car Corral, Inc., 614 F.2d 1118 (6th Cir.1980). The latter position, however, is clearly the minority view. 4 Wright & Miller, Federal Practice and Procedure, supra at p. 611.
State court decisions from states which have, like Wyoming, adopted the federal rules of civil procedure in substantial part, also follow the majority of the federal courts. In Rogers v. State, 85 Nev. 361, 455 P.2d 172 (1969) the Supreme Court of Nevada held that Rule 6 governs all computations when an act is required by law to be performed within a certain amount of time unless the statute setting up the time period requires otherwise.[5] Likewise, in Brown v. Porter, 13 Mich. App. 6, 163 N.W.2d 709, 710 (1969) the Michigan appellate court held that Rule 6(a) merely created a rule of "`how'" an action is to be brought after the legislature, through a statute, has specified which types of actions can be brought. A good discussion of the question appears in Salzman v. Morentin, 116 Ariz. 79, 567 P.2d 1208, 1209 (1977):

*1368 "Arizona's Rule 6(a) is, except for immaterial differences, the same as Rule 6(a) Federal Rules of Civil Procedure. In the federal courts there are two views on the applicability of Rule 6(a) to statutes of limitation. The minority view is that Rule 6, being procedural, cannot extend a substantive limitation period. Support for the view that the federal rule was not intended to be applicable to statutes of limitation is found in the dictum of Judge Clark in Joint Council Dining Car Employees Local 370 v. Delaware, L. & W.R. Co., 157 F.2d 417 (2nd Cir.1946):
"`Rule 6(a) is a rule of procedure relating to acts done or proceedings had after the commencement of action and to any statutes expressly applicable to such proceedings. It is not intended to modify and change existing statutes of limitation.' 157 F.2d at 420.
"Judge Clark's reasoning is criticized in Wright & Miller, Federal Practice and Procedure, Vol. 4, p. 612:
"`The thrust of this argument is that the computation provision in Rule 6(a) applies only to the measurement of time periods pertaining to facets of previously commenced litigation and have no relevance to the computation of the timeliness of the commencement itself. The argument seems somewhat metaphysical and, even if accepted, leaves open the question whether Rule 6(a) should not be drawn upon by the federal courts as a guideline for measuring federal limitations periods.'
"The majority rule and the better rule is that Rule 6 may apply to a statute of limitations. Wright & Miller, Federal Practice and Procedure, § 1163. Those cases following the majority rule seem to base their conclusion on the premise that Rule 6 expresses the liberal spirit of the federal rules and their quest to avoid `setting traps for the unwary' and that this spirit should be employed in construing statutes of limitation. State courts, when faced with the same situation, have followed the majority federal rule. See, Romaine v. State Farm Mutual Automobile Insurance Co., 87 Nev. 257, 485 P.2d 102 (1971); Brown v. Porter, supra." (Footnotes omitted.)
For similar holdings see: Bowling v. Webb Gas Company, Inc. of Lebanon, Mo., 505 S.W.2d 39 (1974); Bellegarde Custom Kitchens v. Leavitt, Me., 295 A.2d 909 (1972); Grey v. Silver Bow County, 149 Mont. 213, 425 P.2d 819 (1967).
Considering the above authorities, we comfortably come to the opinion that we can and should apply the provisions of Rule 6(a) to the two-year time limit contained in § 1-3-107. We are heavily influenced by the fact that, in actuality, an application of Rule 6(a) does not enlarge the time provided for in § 1-3-107, but, on the other hand, it merely creates a uniform rule for determining when the time limit begins to run and when it ends. Such an application of Rule 6(a) falls well within this court's authority to control the procedural aspect of all cases filed or brought in any and all courts in the State of Wyoming. See: §§ 5-2-114 and 5-2-115, W.S. 1977. We also note that prior to the adoption of the Wyoming Rules of Civil Procedure, the Wyoming statutes contained a provision for the computation of time periods that was similar to that now embodied in Rule 6(a). Specifically, former § 3-104, W.S. 1945 read:
"Computation of time of performance.  Unless otherwise specially provided, the time within which an act is required by law to be done, shall be computed by excluding the first day and including the last, and if the last be Sunday, it shall be excluded."
With the adoption of the Wyoming Rules of Civil Procedure, the above statutory provision was listed as one of those which is superseded. See Rule 87(a)(1), W.R.C.P. This becomes additional support for appellant's contention that Rule 6(a) is a procedural rule that can properly be applied to any act required by law to be performed within a certain time unless the legislature has specifically required otherwise. We do not feel that § 5-2-115(b) expresses a legislative intent that precludes the application of Rule 6(a) to the time periods found in § 1-3-107. As we view it, we are not expanding or enlarging the two-year period, *1369 but merely controlling when that two-year period starts to run.
As a final observation, we note that a refusal to apply Rule 6(a) to statutes of limitations could result in a situation whereby a claimant would not have a full two-year period in which to file a cause of action for professional malpractice. This would arise where the anniversary date of an injury occurred on a Saturday, Sunday or holiday. Under the trial judge's approach, the time for filing the action under § 1-3-107 would have been the preceding Friday or day prior to the holiday, and, in effect, would have resulted in a shortening of the time period. Considering this, we are compelled to the opinion that Rule 6(a) is designed to remedy these problems and it merely replaces that which was formerly incorporated in the Wyoming statutes.
We hold that Rule 6(a), W.R.C.P., as applied to § 1-3-107, W.S. 1977, requires a finding that appellant's action was timely filed on November 12, 1981 and the order of dismissal was improperly entered.
Reversed.
NOTES
[1] Section 1-3-107, W.S. 1977 provides:

"(a) A cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services shall be brought within the greater of the following times:
(i) Within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:
(A) Not reasonably discoverable within a two (2) year period; or
(B) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence;
(ii) For injury to the rights of a minor, by his eighth birthday or within two (2) years of the date of the alleged act, error or omission, whichever period is greater, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:
(A) Not reasonably discoverable within the two (2) year period; or
(B) That the claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence;
(iii) For injury to the rights of a plaintiff suffering from a legal disability other than minority, within one (1) year of the removal of the disability;
(iv) If under paragraph (i) or (ii) of this subsection, the alleged act, error or omission is discovered during the second year of the two (2) year period from the date of the act, error or omission, the period for commencing a lawsuit shall be extended by six (6) months. (b) This section applies to all persons regardless of minority or other legal disability." (Emphasis added.)
[2] Rule 6(a) W.R.C.P. reads:

"(a) Computation.  In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than seven (7) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule, `legal holiday' includes New Year's Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the governor or legislature of the State of Wyoming."
[3] Section 5-2-115(b), W.S. 1977 provides:

"(b) Such rules shall neither abridge, enlarge nor modify the substantive rights of any person nor the jurisdiction of any of the courts nor change the provisions of any statute of limitations."
[4] Rule 6(a), F.R.C.P. (amended 1971) provides:

"(a) Computation. In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 77(c), `legal holiday' includes New Year's Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held."
[5] The holding of Rogers v. State, supra, was reaffirmed in Romaine v. State Farm Mutual Automobile Insurance Company, 87 Nev. 257, 485 P.2d 102 (1971), where Rule 6(a) was applied to a statute of limitations requiring an action to be filed within two years.