Argued and submitted November 14, 1996, reversed and remanded May 7, 1997

# STATE OF OREGON,
*Respondent,*

*v.*

# MERRILL ARTHUR CHATFIELD,
*Appellant.*

## (9503-31557; CA A89350)

939 P2d 55

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Ann Kelly, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore

R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Defendant appeals a judgment of conviction on two counts of theft in the first degree, arguing that the trial court erred in denying his motion to dismiss both counts on statute of limitations grounds. We reverse.

On March 7, 1995, the state filed an indictment charging defendant with five counts of theft in the first degree. Counts 1 through 5 alleged that defendant committed the crimes on February 25, February 26, March 2, March 5, and March 6, 1992, respectively. On March 29, 1995, defendant was arraigned. On June 28, 1995, defendant moved to dismiss all five counts on the ground that all were time-barred by the applicable three-year statute of limitations. The state responded by asserting two arguments. First, it argued that the motion to dismiss itself was untimely, because it had been filed more than ten days from the arraignment and defendant had failed to establish good cause for the delay. Second, it argued that at least the last count had been filed within three years of the date the crime was committed. Defendant responded that, for a variety of reasons, there was good cause for the delay in filing his motion. The trial court granted defendant's motion as to the first three counts, but it denied the motion as to counts 4 and 5. Defendant then was found guilty and sentenced after a trial on stipulated facts.

On appeal, defendant argues that the trial court erred in denying his motion to dismiss counts 4 and 5 of the indictment. Both, he argues, were filed more than three years after the date the crimes were committed. The state again responds by asserting two arguments, namely, that defendant's motion was untimely and that, in any event, the fourth and fifth counts of the indictment were timely filed.

We begin with the state's argument that the motion to dismiss was untimely filed. ORS 135.520 provides that a motion to set aside an indictment or to dismiss the accusatory instrument

"shall be made and heard at the time of the arraignment or within 10 days thereafter, unless for good cause the court allows additional time."

In this case, defendant filed his motion more than 10 days after he had been arraigned. The trial court, however, apparently accepted defendant's contention that there was, in fact, good cause for filing more than 10 days after arraignment, because it *granted* defendant's motions as to the first three counts. The trial court, in fact, could not have granted defendant's motions as to the first three counts without having determined that he had good cause for the late filing. *See Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968) (if trial court made no finding, appellate court assumes it made findings necessary to its ultimate conclusion); *State v. Earls*, 69 Or App 75, 79, 683 P2d 1387, *rev den* 297 Or 824 (1984) (same). That is especially significant in this case, because the state does not cross-assign as error the trial court's implicit ruling on the point. ORAP 5.57(2)(b); *State v. Wheelon*, 137 Or App 63, 65 n 1, 903 P2d 399 (1995) (to assert that a judgment must be affirmed on grounds that the trial court rejected requires cross-assignment). Accordingly, we give no further consideration to the state's initial argument.

As to the merits, defendant argues that the fourth and fifth counts allege that defendant committed crimes on March 5 and March 6, 1992, respectively, and that the March 7, 1995, indictment therefore was filed more than three years from the commission of either crime. The state responds that both counts were timely filed. According to the state, the statute of limitations must be read in conjunction with two other statutes, which combine to add an additional two days to the three-year statute of limitations that applies to defendant's crimes. The state relies first on ORS 131.145, which provides that, for the purpose of calculating a criminal statute of limitations, time calculations begin the day after the offense was committed. It also relies on ORS 174.120, which states a general rule of time computation that excludes the first day in the time period. The state argues that, under the former statute, the starting point is the day after the crimes, March 6, and March 7, 1992. The state argues that, under ORS 174.120, the law requires that the limitation period then exclude the first day of the relevant time period, so that the three-year statute of limitations as to counts 4 and 5 begin on March 7, and March 8, 1992, respectively. By combining the effect of the two statutes, the state concludes, the March 7

indictment was timely filed. Defendant responds that the state improperly "double counts" the effect of ORS 131.145 and ORS 174.120. He also argues that, even under the state's reading of the statutes, count 4 was untimely, because the March 7, 1995, indictment was filed more than three years from the March 7, 1992, starting date.

We examine the effect of ORS 131.145 and ORS 174.120 with an eye to ascertaining the intentions of the legislature in enacting them. ORS 174.020. We begin with the text of the statutes read in context and, if necessary, read also in the light of the legislative history and other aids to construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). The context includes the common law that existed before the enactment of the statutes and prior versions of the statutes themselves. *Goodyear Tire & Rubber Co. v. Tualatin Tire & Auto*, 322 Or 406, 415-17, 908 P2d 300 (1995), *mod on recons* 325 Or 46, 932 P2d 1141 (1997); *Denton and Denton*, 145 Or App 381, 386, 930 P2d 239 (1996), *rev allowed* 325 Or 247 (1997).

At common law, criminal statutes of limitations were calculated by excluding the day on which the crime was committed. *See generally State v. Hansen*, 304 Or 169, 171, 743 P2d 157 (1987). The principal justification for the rule was that the law disregards fractions of a day in the computation of limitations and other time periods. *Id.* ("[i]n calculating the passage of time, the common law treated each day as an indivisible unit"); *see also generally* N. J. Marini, Annotation, *Inclusion or Exclusion of First and Last Day for Purposes of Statute of Limitations*, 20 ALR 2d 1249 (1951).

ORS 131.145 originally was enacted in 1973, as part of a general revision of the criminal procedure statutes. The language originally proposed is as it appears in the statute today:

> "For the purposes of [calculating the period of limitations applicable to felonies], time starts to run on the day after the offense is committed."

ORS 131.145(1). The language is derived verbatim from the Model Penal Code, which, in turn, reflects the general common-law rule.

At the time that ORS 131.145 was enacted, ORS 174.120 contained no reference to criminal statutes. It provided:

> "The time within which an act is to be done, as provided in the *civil procedure statutes*, is computed by excluding the first day and including the last unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded."

ORS 174.120 (1973) (emphasis supplied). That language was amended 12 years later to take the form in which it now appears in the statutes:

> "Except as otherwise provided in ORCP 10, the time within which an act is to be done, as provided in the civil *and criminal* procedure statutes, is computed by excluding the first day and including the last * * *."

(Emphasis supplied.) There is no cross-reference to ORS 131.145. Thus, the new language of ORS 174.120 could be taken to mean one of two things: First, the added language could mean that, in calculating a time period under the criminal statutes—including a statute of limitations—the exclusion of the first day is to be taken *in addition to* the exclusion that is required under ORS 131.145. Second, the added language could constitute a codification of existing law, expressed more broadly to include more than statutes of limitations. Of the two possibilities, the former is unlikely. There is no policy justification for tacking on an extra day to criminal statutes of limitations, when existing law already provides—consistent with the common-law rule—that the first day is to be excluded. Nevertheless, the language of the statutes is not entirely dispositive, and so we turn to the relevant legislative history.

ORS 174.120 originated as Senate Bill 253 during the 1985 legislative session. Drafted by the Oregon Department of Justice Appellate Division, the bill was intended to clarify the law prescribing the time within which criminal appeals must be filed, in particular to clarify that such appeals must be filed not later than 30 days after the trial court judgment was *entered* in the journal. The bill also was intended to clarify the law that more generally applied to

computing time limitations. As the department's representative, Assistant Attorney General Stephen Peifer, explained to the Senate Committee:

> "The final substantive change SB 253 would make is to amend ORS 174.120 to provide that the method of computing the time in which an act to be done is the same, under the criminal procedure statutes, as it is under the civil procedure statutes. *It is commonly understood that this is the rule * * *; but for some reason, the Oregon statutes do not now declare this to be the rule, with respect to the criminal procedure statutes generally.*"

Testimony, Senate Committee on Judiciary, SB 253, March 7, 1985, Ex E (emphasis supplied). No one on the committee suggested any other understanding of the purpose or effect of the amendment to ORS 174.120. After the bill passed out of the Senate, Assistant Attorney General Thomas H. Denney offered the identical explanation before the House Committee on Judiciary, and, likewise, no member of that house suggested a contrary explanation. Testimony, House Committee on Judiciary, SB 253, April 22, 1985, Ex O. *See Zidell Marine Corp. v. West Painting, Inc.*, 322 Or 347, 358, 906 P2d 809 (1995) (statement of sponsor entitled to weight when "no member of the subcommittee questioned, challenged, or disagreed with that reading"). No one suggested that the amendment to ORS 174.120 was intended to add a second day—in addition to the one already referred to in ORS 131.145—to the calculation of criminal statutes of limitations. To the contrary, the statute was intended merely to codify what was then "commonly understood" to be the case.

■      We conclude that ORS 174.120 does not require that an additional day be added to the date from which the calculation of a criminal statute of limitations begins to run. Under ORS 131.145, therefore, we calculate the applicable limitation period by excluding the day the crime was committed.

■      In this case, defendant was charged with two counts of first-degree theft, which is a felony. As such, it is subject to a three-year statute of limitations. ORS 131.125(5)(a). Count 4 alleges that defendant committed the crime on March 5, 1992. Excluding the day on which the crime was committed

required the indictment to be filed three years from that date, March 5, 1995. The indictment was filed on March 7, 1995, three years and two days after the date the statute began to run. The indictment thus was untimely filed, and the trial court erred in failing to grant defendant's motion to dismiss the indictment as to that count.

■    Count 5 alleges that defendant committed the same offense on March 6, 1992. Excluding the day on which the crime was committed required the indictment to be filed three years from that date, March 6, 1995. The indictment was filed on March 7, 1995, three years and one day after the date the statute began to run. The state insists that count 5 was timely filed even under the correct reading of the statute, because

> "[t]he three years allowed to return the indictment continued until March 7, 1995. Just like it is one year from one Fourth of July to the next, it is one year from one March 7 to the next."

That is incorrect as a matter of common sense. Counting a starting date of March 7, it is 366 days to the next March 7. That is a year and a day, not a year. The state's position also is incorrect as a matter of law. *See generally Hansen*, 304 Or at 171-72 (at common law, one who was born December 5, 1967, became a year older at the beginning of December 4, 1968); *see also Fields v. Fairbanks North Star Borough*, 818 P2d 658, 661 (Alaska 1991) (applying same rule); *SCT (U.S.A.), Inc. v. Mitsui Mfrs. Bank*, 155 Cal App 3d 1059, 1063-65, 202 Cal Rptr 547, 547-51 (1984) (same); *Cade v. Regensberger*, 804 P2d 238, 239 (Colo App 1990) (same); *Goldberg v. Charter Medical Corporation*, 98 Nev 402, 403-04, 651 P2d 94, 94-95 (1982) (same); *Winn v. Nilsen*, 670 P2d 588, 591 (Okla 1983) (same); *Olson v. Campbell County Memorial Hosp.*, 652 P2d 1365, 1369 (Wyo 1982) (same). We therefore conclude that the trial court erred in failing to dismiss the indictment as to count 5, as well.

    Reversed and remanded for entry of judgment dismissing Counts 4 and 5.