# IN THE SUPREME COURT OF THE STATE OF NEVADA

TAYLOR BEAN & WHITAKER
MORTGAGE CORP.,
Appellant,
vs.
ANGELA VARGAS,
Respondent.

No. 70363

**FILED**

DEC 22 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting a motion to dismiss in a breach of contract action. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Appellant Taylor Bean & Whitaker Mortgage Corporation (Taylor Bean) executed a second mortgage to respondent Angela Vargas. Vargas stopped paying both her first and second mortgages, and her last known payment to Taylor Bean was on July 14, 2009. Vargas breached the promissory note by failing to make her monthly payment on August 14, 2009. On November 10, 2010, the holder of the first deed of trust foreclosed on Vargas's property.

On July 31, 2015, Taylor Bean filed a complaint against Vargas, alleging a breach of the promissory note. Pursuant to NRCP 12(b)(5), Vargas filed a motion to dismiss. The district court granted the motion, ruling that because Taylor Bean filed its complaint over six months after the foreclosure sale, the statute of limitations barred the action pursuant to applicable authority, including NRS 40.455 and NRS 40.4639.

17-44349

Taylor Bean filed a motion for reconsideration, arguing that the district court applied improper law concerning the statute of limitations. The district court agreed and granted the motion for reconsideration in part. In particular, the district court held that NRS 40.455 and NRS 40.4639 did not apply, and that under NRS 11.190, the controlling statute of limitations to enforce a promissory note was six years and not six months.[1] Further, the court held that, pursuant to NRS 11.200, the computation of the statute of limitations commenced on the day of the last payment from Vargas. The court determined that it was irrelevant whether Taylor Bean knew or should have known of facts constituting a breach because the plain language of NRS 11.190 and NRS 11.200 applied. Thus, the court ruled that Taylor Bean's case was time-barred because Taylor Bean filed its complaint more than six years after the last payment was made. As a result, the district court upheld its dismissal of Taylor Bean's complaint. This appeal followed.

Taylor Bean argues that it did not know Vargas would fail to make the next payment, and thus, there was no breach at the time the last payment was made. Taylor Bean contends that the statute of limitations began to run the day Vargas became past due on her monthly payments. In contrast, Vargas argues that the limitations period began when she made her last payment. We agree with Taylor Bean and conclude that the district court erred in dismissing Taylor Bean's complaint.

---

[1]We note that NRS 40.4639 became effective after the foreclosure sale in this case. Thus, the six-month statute of limitation imposed by NRS 40.4639 is inapplicable.

We review a decision to dismiss a complaint pursuant to NRCP 12(b)(5) rigorously, with all alleged facts in the complaint presumed true and all inferences drawn in favor of the complaint. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). Further, this court reviews questions of statutory interpretation de novo. *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 125 Nev. 449, 456, 215 P.3d 697, 702 (2009).

NRS 11.190 provides that a statute of limitations for "[a]n action upon a contract, obligation or liability founded upon an instrument in writing" is six years. NRS 11.190(1)(b). Further, NRS 11.200 clarifies the computation of time pursuant to NRS 11.190 and "establishes the date of the act or event forming the basis of the complaint." *Goldberg v. Charter Med. Corp.*, 98 Nev. 402, 403 n.3, 651 P.2d 94, 95 n.3 (1982). In particular, this statute provides:

> The time in NRS 11.190 shall be deemed to date from the last transaction or the last item charged or last credit given; and whenever any payment on principal or interest has been or shall be made upon an existing contract, whether it be a bill of exchange, promissory note or other evidence of indebtedness if such payment be made after the same shall have become due, the limitation shall commence from the time the last payment was made.

According to NRS 11.200, the statute of limitations begins to run from the date of the last transaction. We conclude that the last transaction in this case was when Vargas failed to make a timely monthly payment. Vargas interprets the statute to mean that the last transaction was her last payment. However, this interpretation is unreasonable because at the time Vargas made her last payment, Taylor Bean could not have known that she would not tender another payment before it was due,

and thus, be in breach of the promissory note. *See G & H Assocs. v. Ernest W. Hahn, Inc.*, 113 Nev. 265, 272, 934 P.2d 229, 233 (1997) (providing that "[w]here alternative interpretations of a statute are possible, the one producing a reasonable result should be favored" (internal quotation marks omitted)). Vargas's last payment, which made her account current, could not have formed a basis upon which Taylor Bean could have brought a complaint against her.

Our conclusion is also consistent with the discovery rule, which this court has previously used to determine when a statute of limitations accrues on a breach of contract claim. *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1024, 967 P.2d 437, 440 (1998). Under the discovery rule, we have held that the statute of limitations for certain actions, including contract claims, "accrue[ ] as soon as the plaintiff *knows or should know* of facts constituting a breach." *Id.* at 1025, 967 P.2d at 440.

In this case, there is evidence that demonstrates Taylor Bean discovered or should have discovered the facts giving rise to the cause of action. The record shows that Vargas failed to make a payment on August 14, 2009. On August 15, 2009, Taylor Bean knew or should have known of facts constituting a breach, and thus, the statute of limitations began to run on Taylor Bean's claim. Because Taylor Bean filed its complaint within six years of the statute of limitations pursuant to NRS 11.190, we conclude that reversal of the district court's order of dismissal is required. Based on the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.


_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering


cc:    Hon. Gloria Sturman, District Judge
       Robert F. Saint-Aubin, Settlement Judge
       Richard G. Hill, Ltd.
       Homeowner Relief Lawyers LLC
       Eighth District Court Clerk