GREG NYBERG, Appellant, v. NEVADA INDUSTRIAL
COMMISSION, Respondent.

No. 14238

ALICE JACKSON, Appellant, v. NEVADA INDUSTRIAL
COMMISSION, Respondent.

No. 14239

June 26, 1984                                    683 P.2d 3

*Michael P. Wood,* Las Vegas, for Appellants.

*Michael E. Rowe,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

These are consolidated appeals from a single district

court order affirming the dismissal of two administrative appeals. In both cases the Department of Administration appeals officers dismissed administrative appeals from rulings by hearing officers of the Nevada Industrial Commission ("NIC," now known as the State Industrial Insurance System). The NIC hearing officers had rejected workmen's compensation claims. The dispositive issue before this court is whether NRCP 6(a) and 6(e)[1] apply to NRS 616.5422(1),[2] thus lengthening the period in which appellants could timely file their administrative appeals. We hold that NRCP 6(a) and 6(e) apply to NRS 616.5422(1), and we therefore reverse and remand this matter for further proceedings before the appeals officers.

In the matter of appellant Nyberg, an NIC hearing officer, on October 5, 1981, affirmed an NIC staff determination rejecting a workmen's compensation claim filed by Nyberg. The decision of the hearing officer, along with an appeal form, was mailed to Nyberg.

Nyberg mailed notice to the appeals officer of his intention to appeal the decision of the hearing officer. This notice was postmarked either November 5 or 7, 1981, and was filed with the appeals officer on Monday, November 9, 1981, 35 days after the filing of the hearing officer's determination. On the NIC's motion, the appeals officer dismissed Nyberg's appeal with prejudice, on the ground that the appeal had not been timely filed. The district court affirmed the dismissal, and this appeal followed.

[1]NRCP 6(a) provides:

In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a non-judicial day, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a non-judicial day. When the period of time prescribed or allowed is less that 7 days, intermediate Saturdays, Sundays, and non-judicial days shall be excluded in the computation.

NRCP 6(e) provides:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper, other than process, upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

[2]NRS 616.5422(1) provides:

Any party aggrieved by a decision of the hearing officer may appeal the decision by filing a notice of appeal with an appeals officer within 30 days after the date of the decision.

In the Jackson matter, the record indicates that an NIC hearing officer filed a decision on September 15, 1981, which affirmed a staff determination rejecting a workmen's compensation claim filed by Jackson. The hearing officer's decision was mailed to Jackson, whereupon she sent notice to the appeals officer of her intention to appeal the hearing officer's decision. This notice was filed with the appeals officer on Monday, October 19, 1981, 34 days after the filing of the hearing officer's decision. On the NIC's motion, the appeals officer dismissed as untimely Jackson's request for a hearing.

We note initially that the proper construction of the 30-day appeal period prescribed by NRS 616.5422(1) is a legal, rather than a factual, question. Accordingly, independent appellate review, as opposed to a more deferential standard of review, is appropriate. *See* McKay Dee Hospital v. Industrial Commission, 598 P.2d 375 (Utah 1979). We note further that the statutory period for filing appeals in workmen's compensation claim matters should be liberally construed. *See* Industrial Commission v. Adair, 67 Nev. 259, 217 P.2d 348 (1950) (workmen's compensation act, including matters of procedure, is liberally construed in favor of claimants); *see also* Spencer v. Harrah's Inc., 98 Nev. 99, 641 P.2d 481 (1982).

We now turn to the question of whether NRCP 6(e) applies to the statutory period prescribed by NRS 616.5422(1). Appellants note that the federal counterpart to NRCP 6(e) has been applied to administrative matters. *See, e.g.,* Tavernaris v. Beaver Area School Dist., 454 F.Supp. 355 (W.Pa. 1978). Appellants also note that in Rogers v. State, 85 Nev. 361, 455 P.2d 172 (1969), we applied NRCP 6(a) to the filing of a claim that must be filed as a predicate to the commencement of a suit for personal injuries against the state. In response, the NIC cites NRCP 1, which provides that the rules of civil procedure largely govern the procedure in district courts.

We agree, however, with appellant's position. In reaching this conclusion, we note that the language of NRCP 1 does not limit the application of those rules to district court proceedings. In light of the rule of liberal construction, we hold that the three-day grace period allowed by NRCP 6(e) applies to NRS 616.5422(1).

We also agree with appellants' assertion that NRCP 6(a) applies to NRS 616.5422(1). *See* Rogers v. State, *supra.*

In light of the above holdings, the record indicates that both

appeals were timely filed with the appeals officers. Each claimant was notified by mail of the hearing officer's decision, and the appeals of both were filed on the first judicial day after the expiration of 33 days. *See* NRCP 6(a), (e). Both claimants were thus entitled to pursue their claims before an appeals officer. We therefore reverse the determinations of the district court and remand both matters for further proceedings before an appeals officer.

Our disposition of this matter makes it unnecessary to consider the other issues raised by appellants.

Reversed and remanded.