## STATE INDUSTRIAL INSURANCE SYSTEM, APPELLANT, v. LEILANI PARTLOW-HURSH, RESPONDENT.

### No. 15315

March 4, 1985                                    696 P.2d 462

*Ronnie N. Likes,* Associate General Counsel, Carson City, for Appellant.

*Richard J. Bortolin,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

The State Industrial Insurance System (SIIS) appeals the district court's decision excusing respondent's untimely appeal of her worker's compensation claim and concluding that the time period specified for filing an appeal in NRS 616.5422(1)[1] is procedural. We agree with appellant that the 30-day time limit prescribed in the statute is jurisdictional, and mandatory, and thus respondent's untimely appeal must be dismissed. We therefore reverse the lower court's decision.

## FACTS AND PROCEDURAL HISTORY

The essential fact in this case is not in dispute: respondent's notice of appeal was untimely *received* by the appeals officer. Some 17 days[2] after the 30-day time limit prescribed in NRS 616.5422(1), respondent's representative hand-delivered her notice of appeal to the appeals officer's secretary.

In the proceedings in lieu of appeal, the appeals officer found that the appeal notice form was *mailed* on the last day for filing an appeal. He determined that "one who entrusts his notice of appeal to the mails for the sake of convenience does so at his peril and has a responsibility to ensure that the notice is received by the appeals officer in a timely fashion."

Ruling on her petition for judicial review, the district court found that the untimely filing was excused as the notice was lost in the mail. It found that the late filing was not "due to an unjustified disregard" of the statutory time limit, was not respondent's fault, and thus was excusable. The lower court concluded that the time limit in NRS 616.5422(1) is procedural, and excusable, not jurisdictional and mandatory, adopting the "argument, analysis, and authorities and conclusion" of the West Virginia Supreme Court of Appeals in Bailey v. SWCC, 296 S.E.2d 901 (W.Va. 1982). The district court reversed the appeals officer's decision dismissing the appeal as untimely, and ordered an appeal on the merits.

---

[1]NRS 616.5422(1) states:

> Any party aggrieved by a decision of the hearing officer relating to a claim for compensation may appeal the decision by filing a notice of appeal with an appeals officer within 30 days after the date of the decision.

[2]In her briefs, respondent contends that her appeal was only 16 days late, even though the appeals officer and the district court found her appeal to be 17 days late. As her appeal is untimely no matter if 16 or 17 days late, we need not address this alleged discrepancy.

## ISSUES

We are asked to interpret the notice of appeal provision specified in NRS 616.5422(1). Our interpretation is based on an independent appellate review, "as opposed to a more deferential standard of review." Nyberg v. Nev. Indus. Comm'n, 100 Nev. 322, 324, 683 P.2d 3, 4 (1984). In light of this standard of review, we must determine whether mailing constitutes filing for purposes of NRS 616.5422(1), and whether the 30-day time specified for filing an appeal is jurisdictional or procedural.

## FILING AN APPEAL

Even though counsel's secretary testified that she understood that the filing date for a notice of appeal form is the day it is received by the appeals officer, respondent argues that the *mailing* of the form within the 30-day time limit is a timely *filing*. The district court made no ruling on this point, but in finding that the appeal was filed 17 days late, the court implicitly determined that mailing does not constitute filing.

Likewise, while we have never expressly held that mailing is not filing, we have implicitly determined that the two concepts are defined by their plain meaning. *Nyberg,* 100 Nev. at 323, 683 P.2d at 4. Analogously, the Nevada Rules of Appellate Procedure clearly indicate that in cases before this court, "*filing* shall not be timely unless the papers are *received* by the clerk within the time fixed for filing." NRAP 25(a) (Emphasis added).

The Ninth Circuit has determined that "[m]ere mailing is not enough" in filing documents with a local draft board, when the governing statute did not specify mailing as a means of filing. Blades v. U.S., 407 F.2d 1397, 1399 (9th Cir. 1969).

Respondent has not invited us to consider any contrary authority. We hold, therefore, that a notice of appeal form is *filed* pursuant to NRS 616.5422(1) when it is *received* by the appeals officer.

## 30-DAY TIME LIMIT

The SIIS contends that the 30-day time limit specified in NRS 616.5422(1) is jurisdictional and not procedural, and, thus, the district court erred in finding respondent's untimely appeal excusable.

NRS 616.5422(1) is silent as to whether or not the time limit can be excused. Where the statute is silent, the time period for

perfecting an appeal is generally considered to be mandatory, not procedural. 1A Sutherland, Statutes and Statutory Construction, § 25.04 (4th Ed. 1984). Time periods for worker's compensation appeals are not treated differently. 3 Larson, Workmen's Compensation Law, § 80.52(a) (1983). What appears to be a majority of jurisdictions has concluded that the statutory time limit to appeal a worker's compensation claim is mandatory and jurisdictional.[3]

We agree with this view, and thus hold that the 30-day time limit in NRS 616.5422(1) is jurisdictional and mandatory. The district court erred in excusing respondent from the mandatory time limit. Accordingly, the lower court's decision is reversed and the appeals officer's dismissal is reinstated.

---

[3]*E.g.*, Argonaut Ins. v. King, 666 P.2d 865 (Or.App. 1983); Cooper Indus. Products v. Meadows, 634 S.W.2d 400 (Ark.App. 1982); Smith v. Dept. of Labor and Indus., 596 P.2d 296 (Wash.App. 1979); McKenna v. Indus. Com'n., 596 P.2d 405 (Colo. 1979); Roadway Express, Inc. v. Gray, 389 A.2d 407 (Md.App. 1978); State ex rel. Valve Casting Co. v. Johnston, 396 N.E.2d 240 (OhioApp. 1978); Kissell v. Labor and Ind. Rel. Appls. Bd., 549 P.2d 470 (Hawaii 1976); *cert. denied*, 429 U.S. 898 (1976); Kulovits Trucking v. Workmen's Comp. Apl. Bd., 332 A.2d 892 (Pa. 1975).