GEORGE HARDIN, Appellant, v. STANLEY JONES, Executive Director of the NEVADA EMPLOYMENT SECURITY DEPARTMENT, and WESTGATE BUILDERS, Respondents.

No. 16955

November 4, 1986        727 P.2d 551

*George Hardin,* in Proper Person, for Appellant.

*Crowell, Crowell, Crowell & Susich,* Carson City, and *Jolley, Urga, Wirth & Woodbury,* and *Donald Brookhyser,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court dismissing appellant's petition for judicial review of a decision of the board of review of the department of employment security. The sole issue presented in this appeal is whether the time limit specified in NRS 612.495(1) may be extended by application of NRCP 6(e). We hold that it may be so extended.

Claiming to have been terminated from his employment, appellant filed a claim with the department of employment security for unemployment compensation benefits. The executive director of the department of employment security denied the claim on February 8, 1985, on the grounds that appellant had voluntarily quit his employment and had made misrepresentations in his claim. *See* NRS 612.380; NRS 612.445. The notice of the initial

determination, which was mailed to appellant on February 8, 1985, informed appellant that the decision of the executive director would become final on February 19, 1985, eleven days after mailing, unless appellant appealed to an appeals referee before that date.[1] Appellant filed an appeal twelve days later on February 20, 1985. The appeals referee dismissed the appeal on the grounds that the appeal was untimely and appellant had not shown good cause for his failure to file a timely appeal. The board of review and the district court each affirmed the decision of the appeals referee.

Respondents contend that, by the express terms of NRS 612.495(1), appellant's notice of appeal to the appeals referee was two days late.[2] Appellant contends, however, that NRCP 6(e) allows appellant an additional three days to appeal because the notice of the agency's determination was mailed to appellant.[3]

We note initially that the proper construction of the ten day appeal period prescribed by NRS 612.495(1) is a legal, rather than a factual, question. Accordingly, independent appellate review is appropriate. *See* Nyberg v. Nev. Indus. Comm'n, 100 Nev. 322, 683 P.2d 3 (1984).

In *Nyberg,* this court considered whether the three day grace period of NRCP 6(e) applied to the time limit specified in NRS 616.5422(1) concerning appeals from adverse agency determinations in worker's compensation cases.[4] We concluded that the

---

[1]We note that February 18, 1985, a Monday, was the last day of the ten day appeal period prescribed by NRS 612.495(1). The notice of determination indicated that the decision would be final on February 19, 1985, the day after the appeal period expired.

[2]NRS 612.495(1) (emphasis added) provides in relevant part:

Any person entitled to a notice of determination or redetermination may file an appeal from the determination with an appeal tribunal, and the executive director shall be a party respondent thereto. *The appeal must be filed within 10 days of the date of mailing or personal service of the notice of determination or redetermination.* The 10-day period may be extended for good cause shown.

[3]NRCP 6(e) provides:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper, other than process, upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

[4]NRS 616.5422(1) (emphasis added), at the time construed, provided:

Any party aggrieved by a decision of the hearing officer may appeal the decision by filing a notice of appeal with an appeals officer *within 30 days after the date of the decision.*

statutory period for filing appeals in worker's compensation matters should be liberally construed. Accordingly, we held squarely that the provisions of NRCP 6(e) apply to claims before the industrial commission. We perceive no basis for distinguishing between claims pending before the industrial commission and claims pending before the department of employment security. In either case, the benevolent purposes of the statutes are best served if the statutes are liberally construed.

Respondents attempt to distinguish *Nyberg* on the grounds that NRS 612.495(1) is more specific than the statute construed in *Nyberg* because NRS 612.495(1), unlike NRS 616.5422(1), uses the word "mailed." According to respondents, the statute has already taken mailing time into account, rendering it improper to extend the time limit to compensate for mailing.

The statute construed in *Nyberg,* however, was no less specific in requiring a notice of appeal to be filed "within 30 days after the date of the decision." NRS 616.5422(1) (as it appeared prior to amendment in 1985). Further, the use of the word "mailed" in NRS 612.495(1) does not necessarily indicate a legislative intent not to allow an additional three days for mailing pursuant to NRCP 6(e). Instead, it may indicate nothing more than a recognition by the legislature of alternate methods of informing a claimant of the determination of the executive director. Moreover, the legislature expressly provided in NRS 612.495(1) that the time period for a notice of appeal may be extended for good cause. This supports our conclusion that the legislature did not consider the time period for a notice of appeal to be jurisdictional or essential to the effective administration of the department of employment security. Thus, our holding in *Nyberg* compels the conclusion in this case that the provisions of NRCP 6(e) apply to the time limit specified in NRS 612.495(1).

We have considered respondents' remaining contentions, and we conclude that they lack merit. Accordingly, we reverse the order of the district court, and we remand this case for further proceedings consistent with this opinion.