MICHAEL D. RUGGLES AND MARANATHA MOVING AND STORAGE SERVICES, INC., APPELLANTS, v. PUBLIC SERVICE COMMISSION OF NEVADA, TRANSPORTATION DIVISION, RESPONDENT.

No. 22878

February 4, 1993                                    846 P.2d 299

[Rehearing denied August 27, 1993]

*Markoff & York,* Las Vegas, for Appellants.

*Leslie T. Miller,* General Counsel, *Kenneth Freitas,* Assistant General Counsel, Carson City, for Respondent.

## OPINION

*Per Curiam:*

James Moore ("Moore") needed to move personal items from a condominium to a house, so he contacted a business advertised in the Las Vegas Sun Newspaper classified advertisement section. The advertisement which appeared under the "Moving & Storage" section of the classified advertisements provided the following:

> TIRED OF BIG COMPANY RIP OFFS or Non-lic/ins. Hobo Help? Try Nevada's Only Licensed/Insured alternative.
> Guaranteed lowest cost If you can't recommend US, Labor is FREE? Loading & Packing Service * Cartons * Storage * Truck Rental *
> SINCE 1978. 647-2279

Moore called the telephone number listed in the advertisement, and a man answered the telephone. After explaining to the unidentified man what he needed, the man provided Moore with an estimate of $60.00 per hour. Further, the man indicated that the job sounded like a two to four hour job. The estimated amount was within Moore's price range, and thereafter, he set up an appointment for February 2, 1990.

On February 2, 1990, appellant Michael Ruggles ("Michael") and a man by the name of Douglas Caldwell ("Doug") drove up in a large white unmarked van. Doug presented Moore with four documents to sign: (1) a Maranatha Truck Rental Agreement; (2) a Dynamic Duo Work Order; (3) a document identical to the Dynamic Duo Work Order absent a company name at the top of the document; and (4) a Tenant Responsibility Addendum. Moore signed all four documents. The two men commenced performance of the move, and once done Doug completed the truck rental agreement, indicating that seven and one-half hours had elapsed from the beginning to the end of the move.[1] Further, Doug noted that the rate was $40.00 per hour, totalling $300.00, instead of the two to four hour bill Moore expected for the entire move at the rate of $60.00 per hour. Concurrently, Caldwell filled out the Dynamic Duo Work Order for services of loading and unloading Moore's property, totalling $150.00 for seven and one-half hours at the rate of $20.00 per hour. Moore paid the two bills with separate checks made payable to two separate businesses, Maranatha Truck Rental ("Maranatha") and Dynamic Duo.

Dissatisfied with the amount charged by Maranatha and Dynamic Duo, Moore contacted the Public Service Commission ("PSC"), believing Maranatha and Dynamic Duo unlawfully conducted its moving services. Moore agreed to the stationing of a PSC investigator at his new home prior to the delivery of Moore's furniture on February 7, 1990. The inspector was to act as a family friend and tape Moore, Doug and Michael's conversations. After storing the property for five days, Doug and Michael appeared at Moore's new residence with a different truck than used in the first move of Moore's property. Again, Moore had to sign documents: (1) a Maranatha Truck Rental Agreement, and (2) a Dynamic Duo Work Order. Unlike the first move, Doug requested to see Moore's driver's license and he placed Moore's driver's license number on the truck rental form. Subsequently, Doug and Michael unloaded Moore's property. A PSC investigator present on the premises witnessed the proceedings. Three other PSC inspectors set up at the entrance to the housing development to observe the vehicle carrying Doug and Michael. The inspectors observed a van carrying Doug and Michael enter the development around 5:50 p.m. and leave at approximately 8:20 p.m.

Subsequently, the inspectors stopped the van driven by Michael, identifying themselves as PSC inspectors. One inspec-

---

[1] The seven and one-half hours were for moving the property from the condominium to storage. On February 7, 1990, the property was to be delivered to Moore's new house.

tor indicated to Michael and Doug that the purpose of the stop was in reference to the illegal operation as a household goods transporter in intrastate commerce and the warehousing of goods without a permit issued by the Public Service Commission. The inspector requested Michael's driver's license and identification from Doug. In addition, the inspector obtained the vehicle registration which indicated Maranatha Moving and Storage Services, Inc. as the title holder. The inspector did not want to issue the citation to Michael Ruggles but to Jack Ruggles, Jr., who the inspector knew from prior knowledge owned Maranatha Moving and Storage Services, Inc. Unable to issue the citation to Jack Ruggles, Jr. because he was not present on the scene and refused to meet the inspector and receive the citation, the inspector cited Michael for operating as a common carrier of household goods without obtaining a certificate of public convenience from the PSC in violation of NRS 706.386.[2] The citation also referenced a violation of NRS 706.756(1)(a)[3] which provides for criminal penalties for violators.

Michael filed a motion to dismiss with the PSC, claiming that since the citation alleged a violation of a criminal statute, NRS 706.756(1)(a), Michael's Fifth Amendment right to remain silent had been violated. In opposition, the PSC requested that the court deny Michael's motion to dismiss or allow the PSC to amend the citation deleting the criminal statutory violation.

After a hearing before the PSC transportation hearing officer on July 25, 1990, the criminal violation was deleted. Also, the PSC transportation hearing officer submitted its findings of fact and conclusions of law and a proposed decision. The hearing officer's proposed decision concluded that Michael and Maranatha unlawfully operated as a common carrier while transporting Moore's personal property. Further, the hearing officer proposed that a fine of $5,000.00, jointly and severally assessed against Michael Ruggles and Maranatha, was appropriate.

---

[2]NRS 706.386(1) provides the following: "It is unlawful, except as provided in NRS 373.117, 706.743, 706.746 and subsection 2, for any common motor carrier to operate as a carrier of intrastate commerce within this state without first obtaining a certificate of public convenience and necessity from the commission."

[3]NRS 706.756(1)(a) provides the following:

1. Except as otherwise provided in subsection 2, any person who:
(a) Operates a vehicle or causes it to be operated in any carriage to which NRS 706.011 to 706.861, inclusive, apply without first obtaining a certificate, permit or license, or in violation of the terms thereof
. . . .
. . . .
is guilty of a misdemeanor, and upon conviction thereof shall be punished . . . .

Thereafter, in a final order dated October 9, 1990, the PSC Commissioners adopted and affirmed the transportation hearing officer's findings of fact and conclusions of law and proposed decision. Additionally, the PSC Commissioners ordered the imposition of the $5,000.00 fine jointly and severally against Michael Ruggles and Maranatha.

Subsequently, Michael and Maranatha Moving and Storage Services, Inc. petitioned the Eighth Judicial District Court for judicial review. After a hearing, the district court found substantial evidence to support the fine assessed against Michael Ruggles, thus affirming the PSC order. Further, the district court denied judicial review as to Maranatha Moving and Storage Services, Inc. stating it was not a party of record to the proceedings before the PSC.

## DISCUSSION

This court's role in reviewing an administrative decision is identical to that of the district court: to review the evidence before the agency so that a determination can be made as to whether the agency decision was arbitrary, capricious, or an abuse of discretion. Titanium Metals Corp. v. Clark County, 99 Nev. 397, 663 P.2d 355 (1983). The decision of an agency will be affirmed if there is substantial evidence to support the decision. SIIS v. Swinney, 103 Nev. 17, 731 P.2d 359 (1987). Substantial evidence has been defined as that which "a reasonable mind might accept as adequate to support a conclusion." State, Emp. Sec. Dep't v. Hilton Hotels Corp., 102 Nev. 606, 608, 729 P.2d 497, 498 (1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

The PSC contends that Michael Ruggles and Maranatha Moving and Storage Services, Inc. acted as a common carrier without first obtaining a certificate of public convenience and necessity from the PSC. We disagree. NRS 706.036 defines a "common motor carrier" as:

> any person or operator who holds himself [herself] out to the public as willing to transport by vehicle from place to place, either upon fixed route or on-call operations, passengers or property, including a common motor carrier of passengers, a common carrier of property, and a taxicab motor carrier.

NRS 706.046 defines a "common motor carrier of property" as:

> any person or operator, including a motor convoy carrier, who holds himself [herself] out to the public as willing to

transport by motor vehicle from place to place, either upon fixed route or on-call operations, the property of all who may choose to employ him [her].

Specifically, to act as a common carrier of property one must: (1) hold oneself out to the public as willing to transport property by motor vehicle; (2) to all who choose to employ him or her. NRS 706.046. After a review of the record it has been determined that Michael Ruggles did not hold himself out to the public as one willing to transport property by motor vehicle. Michael Ruggles' activities consisted of driving a vehicle registered to Maranatha Moving and Storage Services, Inc. and loading and unloading Moore's property. There was no evidence in the record that indicated who Michael Ruggles was employed by, nor was there evidence in the record that showed Michael Ruggles had any connection with the advertisement placed in the Las Vegas Sun Newspaper. Further, there was no evidence in the record indicating that Michael Ruggles was the unidentified man that answered the telephone when Moore called the telephone number listed in the advertisement and made arrangements to have his property moved. We conclude that there was insubstantial evidence to conclude that Michael Ruggles was a common carrier within the contemplation of NRS 706.036 or NRS 706.046. We therefore reverse the decision of the district court and dismiss the $5,000.00 fine assessed against Michael Ruggles.

The PSC also contends that Maranatha Moving and Storage Services, Inc. is jointly and severally liable for the $5,000.00 fine that was assessed against Michael Ruggles. We disagree. The PSC issued its citation to Michael Ruggles. Although the citation includes "Maranatha Truck Rentals, Moving Service" as the company name on the citation, it is clear that Michael is the citee to whom the citation is addressed. The PSC investigator obtained Maranatha's name from the vehicle registration. Michael Ruggles signed the citation promising that he would appear before the administrative hearing officer of the PSC. There is no indication that he signed the citation as an agent or employee of Maranatha. Maranatha was not presented with a copy of the citation nor did Maranatha appear and participate in the administrative hearing before the PSC. Further, the majority of the documents from the PSC list Michael Ruggles as the respondent, not Maranatha. The PSC's assessment of a fine against "Maranatha Truck Rentals, Moving/Storage" jointly and severally with Michael Ruggles was not valid since the record does not provide information indicating Michael Ruggles acted as an agent, owner, or employee of Maranatha. Moreover, Maranatha did not participate in the proceedings before the PSC.

We affirm the district court's decision dismissing the fine against Maranatha Moving and Storage Services, Inc. and reverse and vacate the order and fine entered against Michael Ruggles.