OPINION
 

 Per Curiam:
 

 This is an appeal from an order of the district court affirming on petition for judicial review a decision of the Nevada Public
 
 *1036
 
 Service Commission (“PSC”) revoking appellant’s certificate of public convenience and necessity. On December 3, 1992, we dismissed this appeal in an unpublished order in which we concluded that the decision of the PSC was based on substantial evidence. On December 21, 1992, appellant petitioned for rehearing. The petition is opposed.
 

 Having concluded that our order of December 3, 1992, misapprehended the legal issues before this court, and that substantial justice would be served by rehearing this matter,
 
 see
 
 NRAP 40(c), we vacate our order of December 3, 1992, and we grant appellant’s petition for rehearing. We issue this opinion in place of our previous order.
 

 FACTS
 

 On September 25, 1989, W.E.S. Trucking, Inc., filed a complaint with the PSC against appellant Manke Truck Lines, Inc., alleging that “no intrastate transportation service ha[d] been provided by Manke during calendar year 1988.” W.E.S. filed an amended complaint alleging other violations of Manke’s certificate of convenience and necessity (hereinafter “certificate”) on July 9, 1990. A hearing was conducted before the PSC on January 8, 1991. On April 23, 1991, the PSC issued an opinion and order revoking Manke’s certificate on the sole basis that Manke had not provided intrastate transportation services in 1988. The stated statutory basis for the revocation was NRS 706.341.
 

 Manke petitioned the district court for judicial review, and the district court “denied”
 
 [1]
 
 the petition on the sole basis that the decision of the PSC was supported by substantial evidence. In this decision, the district court erred.
 

 DISCUSSION
 

 Manke contends that the PSC lacked jurisdiction to revoke its certificate because no statute authorizes the PSC to revoke Manke’s certificate. This is a question of statutory construction; it is thus a purely legal issue. Such issues are reviewed without
 
 *1037
 
 any deference whatsoever to the conclusions of the agency.
 
 See
 
 NRS 703.373(6); Jones v. Rosner, 102 Nev. 215, 719 P.2d 805 (1986); Nyberg v. Nev. Indus. Comm’n, 100 Nev. 322, 683 P.2d 3 (1984). The issue raised by Manke is based on a claim that the PSC proceeded under an inappropriate statute, which did not authorize the PSC to act at all. If, as a matter of law, the PSC had absolutely no authority to take the action it took, it is of no consequence that the action could be characterized as supported by substantial evidence or as an appropriate exercise of discretion. Therefore, the district court erred in affirming the decision of the PSC on the basis that the decision was supported by substantial evidence.
 

 As authority for its decision to revoke appellant’s certificate, the PSC relied on NRS 706.341, which provides:
 

 No common motor carrier authorized to operate by NRS 706.011 to 706.791, inclusive, shall discontinue any service established under the provisions of NRS 706.011 to 706.791, inclusive, and all other laws relating thereto and made applicable thereto by NRS 706.011 to 706.791, inclusive, without an order of the [PSC] granted only after public notice or hearing in the event of protest.
 

 Nothing in this statute purports to grant the PSC authority to revoke a carrier’s certificate. If there is any authority for the PSC’s action, it must be found in some other source.
 

 In its brief in this appeal, the PSC relies for its authority to revoke appellant’s certificate on NRS 706.151, the statute that generally states the purposes of the PSC. That statute, however, does not authorize the PSC to revoke a certificate; it simply states that a purpose of the PSC is to regulate motor carriers.
 

 The PSC cited NRS 706.461 in its order below. NRS 706.461(2)(b) allows the commission to issue an order to any carrier operating in violation of the chapter on motor vehicles “to cease and desist from any operation” in violation of the chapter; it does not authorize the revocation of a certificate.
 

 Only two statutes in Chapter 706 of the Nevada Revised Statutes expressly authorize the PSC to revoke a certificate. One of those, NRS 706.441, allows the PSC to revoke a certificate and permit to carry radioactive waste upon violation of state or federal safety regulations. This statute obviously has no applica
 
 *1038
 
 tion to this case. The other, NRS 706.398 (emphasis added), provides:
 

 The [PSC] shall revoke or suspend, pursuant to the provisions of this chapter, the certificate of public convenience and necessity of a common motor carrier which has failed to:
 

 1. File the annual report required by NRS 703.191 within 60 days after the report is due; or
 

 2. Operate
 
 during the preceding year
 
 as a carrier of intrastate commerce in this state under the terms and conditions of its certificate,
 
 as evidenced by information contained in the annual report,
 

 unless the carrier has obtained the prior permission of the [PSC] to file an annual report late or to cease such operation during that period.
 

 The sole basis for the revocation of Manke’s certificate was that Manke had ceased doing business for a period of one year. The PSC did not determine that Manke had failed to file any required report or that Manke had not operated under the terms and conditions of its certificate during the year preceding the PSC’s order.
 
 [2]
 
 Indeed, because the PSC concluded that it was authorized to revoke Manke’s certificate on the basis of the cessation of business in 1988, the PSC found that it was unnecessary to determine whether any other violations had occurred. Thus, the PSC’s order of revocátion cannot be upheld on the basis of NRS 706.398. There is no express statutory authority in NRS Chapter 706 for the PSC to revoke a certificate on any other basis.
 

 We conclude that the PSC exceeded its jurisdiction when it purported to revoke appellant’s certificate of convenience and necessity, because no statute authorized the PSC’s action. This determination makes it unnecessary for this court to resolve appellant’s remaining contentions.
 

 Accordingly, we reverse the decision of the district court denying appellant’s petition for judicial review, we vacate the opinion and order of the PSC revoking appellant’s certificate, and we remand to the PSC for further proceedings consistent with this opinion.
 
 [3]
 

 [1]
 

 Technically, the district court is not authorized to “deny” a petition for judicial review. Pursuant to NRS 703.373(1) (emphasis added), “[a]ny party of record to a proceeding before the [PSC]
 
 is entitled to judicial review of the final decision.”
 
 The district court “must” conduct a review without a jury, NRS 703.373(4), and “may affirm the decision of the [PSC] or set it aside in whole or in part. . . .” NRS 703.373(6). Thus, review cannot be denied. We construe the district court’s order as affirming the decision of the PSC.
 

 [2]
 

 It is undisputed that appellant operated during the year preceding the revocation of its certificate.
 

 [3]
 

 The Honorable Miriam Shearing, Justice, did not participate in the decision of this appeal.