SANDRA SEINO, Appellant, *v.* EMPLOYERS INSURANCE COMPANY OF NEVADA, a Mutual Company, Respondent.

No. 41521

May 26, 2005                                111 P.3d 1107

*Beckley Singleton, Chtd.,* and *James L. Edwards* and *Daniel F. Polsenberg,* Las Vegas, for Appellant.

*Beckett & Yott, Ltd.,* and *Kevin L. Johnson,* Las Vegas, for Respondent.

Before ROSE, GIBBONS and HARDESTY, JJ.

## OPINION

*Per Curiam:*

This is an appeal from a district court order denying appellant Sandra Seino's petition for judicial review in a workers' compensation matter. In this appeal, we examine whether Seino satisfied the jurisdictional requirements of NRS 616C.315, which requires that a hearing request be filed within seventy days of the date that the industrial insurer's notice of determination is mailed. Although Seino mailed a notice of appeal to the Nevada Department of Ad-

ministration Hearings Division (NDAHD), it was never received. Seino contends that we should reexamine our holding in *SIIS v. Partlow-Hursh*,[1] which recognized that a workers' compensation administrative appeal is filed upon the appeals officer's receipt of the appeal request form, not upon mailing. Further, Seino asserts that the doctrines of exceptional circumstances and equitable tolling merit setting aside the jurisdictional deadlines in this instance. We decline to retreat from our holding in *Partlow-Hursh* and conclude that the doctrines of exceptional circumstances and equitable tolling do not apply. Consequently, we affirm the district court's order.

## FACTS

Seino alleges that in January 2000, she burned her hands with chemical solvent during the course of her employment. Seino, however, did not notify her employer of the injury until several weeks later. In March 2000, two months after the injury, Seino completed and filed a claim for workers' compensation with respondent Employers Insurance Company of Nevada (EICN).

On March 22, 2000, EICN sent Seino a letter denying her claim on two grounds: (1) EICN could not determine if Seino's "injury arose out of and in the course of employment"; and (2) Seino, in violation of NRS 616C.015, failed to notify her employer within seven days of the injury. Additionally, EICN informed Seino of her right to administratively appeal its decision. For this purpose, the letter stated:

> If you or your employer disagree with this decision, you have the right to file an appeal and mail it directly to the [NDAHD] . . . . If your request does not reach the Hearings Division within seventy (70) days from the date of this letter, you may lose your right to appeal the decision.

In addition to the denial letter, Seino also received a request for hearing form. This form stated:

> If you are appealing the determination rendered above, complete, date, sign and **FILE THE FORM AND ANY AT-TACHMENTS WITH THE . . . HEARINGS DIVISION** . . . . For your appeal to be heard, this form must be received by the Hearings Division within 70 days of the determination date shown at the top of this form.

On March 24, 2000, two days after EICN's denial letter, Seino mailed the appeal form to the NDAHD. The NDAHD, however, never received Seino's mailed form. In addition, the record contains no evidence that Seino, during the seventy-day period, con-

---

[1]101 Nev. 122, 125, 696 P.2d 462, 464 (1985).

tacted the NDAHD concerning her appeal. Rather, on November 9, 2000, over seven months later, Seino faxed the appeal form to the NDAHD.

After receiving the faxed form, the NDAHD set and held a hearing concerning Seino's claim. Upon hearing the parties' arguments, the hearing officer dismissed the appeal as untimely under NRS 616C.315(3). On February 8, 2001, Seino filed a timely notice of appeal of the hearing officer's decision with the Nevada Department of Administration Appeals Office. The appeals officer believed that Seino mailed the appeal form on March 24, 2000, but affirmed the hearing officer's decision because the NDAHD did not receive the form within the seventy-day period.

Seino then filed a petition for judicial review in the district court. The district court concluded that the appeals officer's decision was supported by substantial evidence. As a result, the district court denied Seino's petition for judicial review and affirmed the appeals officer's decision. Seino timely appealed the district court's order.

## DISCUSSION

### Standard of review

The role of this court "in reviewing an administrative decision is identical to that of the district court: to review the evidence before the agency so that a determination can be made as to whether the agency decision was arbitrary, capricious, or an abuse of discretion."[2] Agency decisions based upon questions of statutory construction are purely legal issues,[3] and this court reviews pure questions of law de novo.[4] In contrast, this court reviews an agency's fact-based conclusions of law for substantial evidentiary support in the record.[5]

### Jurisdiction

Typically, an NDAHD hearing officer has jurisdiction over a workers' compensation claim only if the claimant files a timely re-

---

[2]*Ruggles v. Public Service Comm'n,* 109 Nev. 36, 40, 846 P.2d 299, 301 (1993).

[3]*Manke Truck Lines v. Public Service Comm'n,* 109 Nev. 1034, 1036, 862 P.2d 1201, 1203 (1993).

[4]*State, Dep't Mtr. Veh. v. Jones-West Ford,* 114 Nev. 766, 772, 962 P.2d 624, 628 (1998); *Nyberg v. Nev. Indus. Comm'n,* 100 Nev. 322, 324, 683 P.2d 3, 4 (1984).

[5]*Beavers v. State, Dep't of Mtr. Vehicles,* 109 Nev. 435, 438, 851 P.2d 432, 434 (1993).

quest for a hearing.[6] Statutory periods for requesting administrative review of workers' compensation determinations are mandatory and jurisdictional.[7] Under NRS 616C.315(3)(b), a request for a hearing is timely when it is filed with the NDAHD within seventy days of the date that the insurer mailed notice of its determination.[8] The Legislature included this provision to "shorten the overall administrative process" of a workers' compensation claim.[9]

In *Partlow-Hursh,* this court held that a notice of appeal from a hearing officer's decision is filed when the appeals officer receives it, not when it is mailed.[10] The language in the statute addressed in *Partlow-Hursh* is similar to that in NRS 616C.315(3); both statutes provide that the required document be "filed" within a specified time period. Moreover, we have previously relied on *Partlow-Hursh* in concluding that the filing requirement under NRS 616C.315(3) is mandatory and jurisdictional.[11] We see no reason to interpret the filing requirements under the two statutes differently; a request for a hearing is filed when the hearing officer receives it, not when it is mailed. Failure to file a request for a hearing within the statutory period is excused only if the claimant proves by a preponderance of evidence that he or she did not receive the notice of determination and the forms necessary to request a hearing.[12]

Seino argues that our interpretation of NRS 616C.315 should be similar to the filing requirements of NRAP 25, which provides that documents filed in this court are filed when mailed. In *Partlow-Hursh,* this court stated that former NRAP 25 was analogous to administrative filing requirements.[13] At that time, NRAP 25(a) specifically stated that filing was timely when received by the clerk. NRAP 25 was amended in 1988 and currently deems a filing timely when mailed to the clerk. Consequently, NRAP 25 is no longer analogous to administrative filing requirements. Further-

---

[6]NRS 616C.315(3).

[7]*SIIS v. Partlow-Hursh,* 101 Nev. 122, 125, 696 P.2d 462, 464 (1985).

[8]*See also id.* at 124, 696 P.2d at 463-64.

[9]A.B. 84, 60th Leg. (Nev. 1979).

[10]101 Nev. at 124, 696 P.2d at 463 (discussing former NRS 616.5422(1) (replaced in revision by NRS 616C.345(1)).

[11]*Reno Sparks Visitors Auth. v. Jackson,* 112 Nev. 62, 66-67, 910 P.2d 267, 270 (1996) (discussing NRS 616.5412 (replaced in revision by NRS 616C.315)).

[12]NRS 616C.315(4); *Jackson,* 112 Nev. at 66, 910 P.2d at 270.

[13]101 Nev. at 124, 696 P.2d at 463.

more, the NRAP is not applicable to administrative proceedings.[14] Accordingly, we decline to overrule *Partlow-Hursh*'s rule that administrative workers' compensation appeals are filed when received, not mailed.

In this case, the NDAHD did not receive Seino's request for a hearing within the seventy-day period, and Seino conceded that she promptly received both the denial letter and the request for hearing form. Therefore, the appeals officer's conclusion that Seino's request was untimely under NRS 616C.315 is based on substantial evidence.

### *Unique circumstances*

To save her untimely request, Seino urges us to adopt and apply the "unique circumstances" doctrine. The United States Supreme Court has explained that unique circumstances exist only when "a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done."[15] We have not applied the doctrine of "unique circumstances" to Nevada administrative appeal periods or private insurance providers. Even if we were to adopt the "unique circumstances" doctrine and expand its scope to include assurances by administrators, the facts in this case fail to meet the doctrine's requirements.

Seino argues that unique circumstances exist because EICN's March 22 denial letter states that an employee has the "right to file an appeal and mail it directly to the [NDAHD]." The next line of the letter, however, expressly cautions that if the request is not received by the NDAHD "within seventy (70) days from the date of this letter, you *may* lose your right to appeal." (Emphasis added.)

Seino suggests that the word "may" makes the notice provision inadequate since it implies that the statutory period is flexible. The use of the word "may," however, is legally and technically correct. First, in *Nyberg v. Nevada Industrial Commission,*[16] we extended statutory periods, such as NRS 616C.315(3)(b), by three days to account for the mailing of decisions to injured employees. Second, NRS 616C.315(4) excuses the failure to file a request for hearing

---

[14]NRAP 1(a) ("These rules govern procedure in appeals to the Supreme Court of Nevada from the district courts of Nevada and in applications for writs or other relief which the Supreme Court or a justice thereof is competent to give.").

[15]*Osterneck v. Ernst & Whinney,* 489 U.S. 169, 179 (1989).

[16]100 Nev. 322, 324-25, 683 P.2d 3, 5 (1984).

within the statutory period if the claimant proves that he or she did not receive the determination and necessary appeal form. Accordingly, EICN's use of the word "may" in its denial letter does not make the notice provision inadequate since some employees may have longer than seventy days to file their appeals.

Furthermore, EICN never made any assurances that Seino's appeal would be perfected by mailing. Accordingly, since the letter's notice provision was adequate and Seino was not assured that mailing would perfect an administrative appeal, no "unique circumstances" exist in this instance.

### Equitable tolling

Generally, the purpose of statutory time limitations for judicial review is to prevent stale issues from being raised against a party.[17] Nevertheless, in situations "[w]here the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate."[18] Originally, we adopted the doctrine of equitable tolling for Nevada's antidiscrimination statutes.[19] Since then, however, the doctrine has been expanded to operate in other areas of law.[20] Without limiting the doctrine's application, we have set forth several factors to determine when equitable tolling is appropriately applied.[21] These factors include

> the diligence of the claimant; the claimant's knowledge of the relevant facts; the claimant's reliance on authoritative statements by the administrative agency that misled the claimant about the nature of the claimant's rights; any deception or false assurances on the part of the employer against whom the claim is made; the prejudice to the employer that would actually result from delay during the time that the limitations period is tolled; and any other equitable considerations appropriate in the particular case.[22]

---

[17]*Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1136 (9th Cir. 2001).

[18]*Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002).

[19]*Copeland v. Desert Inn Hotel*, 99 Nev. 823, 826, 673 P.2d 490, 492 (1983).

[20]*O'Lane v. Spinney*, 110 Nev. 496, 501, 874 P.2d 754, 757 (1994) (recognizing that the doctrine of equitable tolling might apply to toll the deadline for enforcing judgments).

[21]*Copeland*, 99 Nev. at 826, 673 P.2d at 492.

[22]*Id.*

This court, however, has never applied the doctrine of equitable tolling to statutory periods that are mandatory and jurisdictional.[23]

Thus, since NRS 616C.315 is mandatory and jurisdictional, the doctrine of equitable tolling does not apply.

## CONCLUSION

We conclude that the district court properly denied Seino's petition for judicial review. Substantial evidence supports the appeals officer's determination that Seino failed to file her request for a hearing within the required period and that conclusion will not be disturbed. In addition, since EICN did not expressly state that Seino's request for hearing was perfected by mailing, no unique circumstances exist to excuse her untimely workers' compensation appeal. Further, because NRS 616C.315 is mandatory and jurisdictional, the doctrine of equitable tolling does not apply. We therefore affirm the district court's order denying Seino's petition for judicial review.

---

[23]Id.; see also O'Lane, 110 Nev. at 501, 874 P.2d at 757.