FILED

**NOT FOR PUBLICATION**

JUN 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOHN DAVID CASTLE, | No. 09-16379 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01325-JCM-LRL |
| v. | |
| KEVIN A. SPEESE; ATTORNEY GENERAL OF THE UNITED STATES, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

John David Castle appeals pro se from the district court's judgment

dismissing his action alleging claims under the Federal Tort Claims Act ("FTCA")

and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

U.S. 388 (1971). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000); *Fink v. Shedler*, 192 F.3d 911, 913-14 (9th Cir. 1999). We affirm.

The district court properly dismissed Castle's *Bivens* claim against defendant Speese for failure to state a claim because Castle filed this action after the applicable two-year statute of limitations expired. *See* Nev. Rev. Stat. § 11.190(4)(e); *Van Strum v. Lawn*, 940 F.2d 406, 408-10 (9th Cir. 1991) (personal injury statute of limitations under state law applies to *Bivens* claims). Castle failed to allege facts to establish a basis for tolling of the limitations period. *See* Nev. Rev. Stat. § 11.250 (listing grounds for statutory tolling); *Seino v. Employers Ins. Co. of Nevada*, 111 P.3d 1107, 1112 (Nev. 2005) (discussing equitable tolling); *see also Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (tolling provisions under state law apply to *Bivens* claims).

The district court properly dismissed Castle's FTCA claim for lack of subject matter jurisdiction because Castle failed to exhaust his administrative remedies before filing this action. *See* 28 U.S.C. § 2675(a); *Brady*, 211 F.3d at 502.

Castle's remaining contentions, including those concerning the Alien Tort Statute, are unpersuasive.

**AFFIRMED.**