# IN THE SUPREME COURT OF THE STATE OF NEVADA

AMERICAN EXPRESSWAY INC., A NEVADA CORPORATION,
Appellant,
vs.
SIERRA NEVADA ADMINISTRATORS, INC., A NEVADA CORPORATION; TEKLLE ABATE, AN INDIVIDUAL; STATE OF NEVADA DEPARTMENT OF BUSINESS AND INDUSTRY, DIVISION OF INDUSTRIAL RELATIONS, AN AGENCY OF THE STATE OF NEVADA; AND GREGORY KROHN, AN INDIVIDUAL EMPLOYEE OF THE STATE OF NEVADA,
Respondents.

No. 78076

FILED

APR 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.[1]

Respondent Teklle Abate injured his hands while working for appellant American Expressway, Inc. (AEI), sought medical treatment, and filed a workers' compensation claim with the Nevada Division of Industrial Relations (NDIR). The NDIR determined that there was an employee-employer relationship such that AEI was responsible for Abate's compensation for his injuries. Because AEI did not maintain workers' compensation insurance for Abate, the NDIR assigned Abate's claim to the Uninsured Employer's Claim Account (UECA). The NDIR notified AEI of

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-14595

its findings and informed AEI that it had 30 days to appeal the decision, but AEI did not appeal until after the deadline expired. The NDIR's appeals officer dismissed AEI's appeal as untimely, and AEI petitioned for judicial review. The district court denied AEI's petition, finding that the appeals officer did not violate AEI's constitutional rights and that the order dismissing AEI's appeal was not erroneous.

This court has repeatedly held that administrative appellate deadlines "establish[ ] a jurisdictional bar to further review." *Williams v. United Parcel Servs.*, 129 Nev. 386, 390, 302 P.3d 1144, 1146 (2013); *see also Dickinson v. Am. Med. Response*, 124 Nev. 460, 466, 186 P.3d 878, 882 (2008) (recognizing administrative appellate timeframes as "jurisdictional and mandatory and that, subject to narrow exceptions[,] . . . the failure to timely file an administrative appeal operates as a final decision on the matter, which cannot be relitigated"). AEI does not dispute that it did not timely appeal the NDIR's decision but argues that equitable tolling should apply to extend the appeal period because the NDIR decision was effectively a default judgment.

The NDIR provided AEI with a copy of its decision that AEI was responsible for compensating for Abate's injuries, informed AEI that it had 30 days to appeal, and provided AEI with the requisite forms to do so. *See* NRS 616C.345(1) (requiring a party aggrieved by a hearing officer's decision to appeal with 30 days); NRS 616C.345(10) (explaining that the failure to appeal before the 30-day period expires will be excused if the aggrieved party did not receive the notice for forms necessary to appeal the determination). Thus, substantial evidence supports the conclusion that the appeals officer lacked subject matter jurisdiction to consider AEI's untimely appeal. *See Seino v. Emp'rs Ins. Co. of Nev.*, 121 Nev. 146, 149,

111 P.3d 1107, 1110 (2005) (explaining that this court reviews agency decisions based upon statutory interpretation de novo and fact-based conclusions of law for substantial evidence).

Additionally, because we already rejected AEI's argument that the NDIR decision was a default judgment in a separate appeal, *see Am. Expressway, Inv. v. Abate*, Docket No. 74957 (Order of Affirmance, Dec. 13, 2019) (affirming the district court's dismissal of AEI's breach of contract claim wherein AEI also argued that the NDIR decision regarding Abate was a default judgment), issue preclusion prevents relitigation of that issue. *See Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 258, 321 P.3d 912, 916 (2014) (providing that issue preclusion prevents relitigation of an identical issue in a later case when the previous decision was on the merits and became final, the parties are the same, and the issue was actually and necessarily litigated).[2] AEI's due process argument fails for the same reason—we rejected an identical argument regarding the NDIR decision in the separate appeal. *See Am. Expressway*, Docket No. 74957, Order of Affirmance at 4 n.4 (rejecting AEI's argument that the NDIR decision did not comport with due process based on conclusion that the NDIR complied with all statutory requirements to give AEI notice of the decision and its right to appeal that decision within 30 days); *see also Alcantara*, 130 Nev. at 258, 321 P.3d at 916. We also refuse to apply equitable tolling to the administrative appeal period, which was mandatory and jurisdictional. *See Seino*, 121 Nev. at 152-53, 111 P.3d at 1112 (declining to apply equitable

---

[2]We also reject AEI's argument that it is inequitable for the NDIR decision to have preclusive effect simply because it was issued by an administrative tribunal. *See Jerry's Nugget v. Keith*, 111 Nev. 49, 54-55, 888 P.2d 921, 925 (1995) (holding that issue preclusion may apply to administrative decisions, including workers' compensation decisions).

tolling to the mandatory and jurisdictional statutory period within which a party may appeal an agency decision under Nevada's workers' compensation statutes). Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:  Hon. Tierra Danielle Jones, District Judge
     Gibson Lowry LLP
     Attorney General/Carson City
     Dep't of Business and Industry/Div. of Industrial Relations/Las Vegas
     Jason D. Mills & Associates, Ltd.
     Eighth District Court Clerk