139 Nev., Advance Opinion 29

IN THE SUPREME COURT OF THE STATE OF NEVADA

HELEN JORRIN,
Appellant,
vs.
THE STATE OF NEVADA
EMPLOYMENT SECURITY DIVISION;
LYNDA PARVEN, IN HER CAPACITY
AS ADMINISTRATOR OF THE
EMPLOYMENT SECURITY DIVISION;
J. THOMAS SUSICH, IN HIS
CAPACITY AS THE CHAIRPERSON OF
THE EMPLOYMENT SECURITY
BOARD OF REVIEW; AND CLARK
COUNTY SCHOOL DISTRICT,
Respondents.

No. 85155

FILED

SEP 07 2023

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing a petition for judicial review in an administrative law case. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

*Affirmed.*

Nevada Legal Services and Kristopher S. Pre, Las Vegas,
for Appellant.

Clark County School District, Office of the General Counsel and Patrick J. Murch, Las Vegas,
for Respondent Clark County School District.

State of Nevada/DETR and Carolyn M. Broussard and David Kalo Neidert, Carson City,
for Respondents Lynda Parven, J. Thomas Susich, and the State of Nevada Employment Security Division.

23- 29239

BEFORE THE SUPREME COURT, HERNDON, LEE, and PARRAGUIRRE, JJ.

*OPINION*

PER CURIAM:

We have previously noted that the former version of NRCP 6(d), which adds three days to certain time periods when service is made by mail, applied to the time period for filing a petition for judicial review challenging a decision by the Nevada Employment Security Division's (NESD) Board of Review under NRS 612.530(1). *Kame v. Emp't Sec. Dep't*, 105 Nev. 22, 23 n.1, 769 P.2d 66, 67 n.1 (1989) (citing former NRCP 6). In revisiting this issue, we now conclude that, based on its plain language, NRCP 6(d)'s three-day mailing rule does not apply to extend the time period for filing a petition for judicial review under NRS 612.530(1) and overrule *Kame* to the extent it holds otherwise. In this case, because the petition was filed beyond the statutory time period, the district court properly dismissed the petition, and we therefore affirm.

*FACTS*

Appellant Helen Jorrin sought and was denied unemployment benefits. After an appeals referee confirmed the denial of benefits, she sought relief from NESD's Board of Review. The letter denying the request was mailed on August 27, 2021, stating that the Board of Review's decision became final as of September 7, 2021. It further stated that Jorrin had until September 20, 2021, to appeal that decision. Jorrin filed her appeal, a petition for judicial review to the district court, on September 21, 2021. NESD moved for dismissal, arguing that the untimeliness of Jorrin's petition stripped the district court of jurisdiction over the case. The district court granted NESD's motion, finding that it lacked jurisdiction over the

petition because Jorrin had filed it a day late. The district court also denied Jorrin's motion to alter or amend the judgment, and Jorrin now appeals.

## DISCUSSION

Jorrin asserts that her petition was timely because NESD served its decision by mail and thus NRCP 6(d) provided three additional days to file the petition. She therefore argues that she had until September 23 to file her petition and the district court erred in dismissing her petition as untimely. NESD argues that NRCP 6(d) does not apply and the district court correctly granted dismissal because it lacked jurisdiction over Jorrin's untimely petition. Because this case presents an issue of statutory construction, our review is de novo. *See Hardin v. Jones*, 102 Nev. 469, 470, 727 P.2d 551, 552 (1986) (reviewing the proper construction of a statutory appeal period de novo because it presents "a legal, rather than a factual, question").

NRCP 6(d) provides that "[w]hen a party may or must act within a specified time after being served and service is made [by mail], 3 days are added after the period would otherwise expire under Rule 6(a)." The rule thus applies only when *service* triggers the time for a party to act. *See id.* The former version of the rule, NRCP 6(e) (1953), *amended by* ADKT 522 (Order Amending the Rules of Civil Procedure, the Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules, Dec. 31, 2018), similarly based its application on service, stating that "[w]henever a party has the right or is required to do some act within a proscribed period after service of a notice . . . upon him and the notice . . . is served upon him by mail, 3 days shall be added to the prescribed period." We have therefore applied the former version of NRCP 6(d) to extend deadlines in administrative cases where a statute specifies that a party has to act within a certain time after being served. For example, we applied the former

NRCP 6(d) to extend the time to administratively appeal the initial denial of unemployment benefits to an appeal referee under NRS 612.495(1) (1981), *amended by* A.B. 502, 73d Leg. (Nev. 2005), which provided "[t]he appeal must be filed within 10 days after the date of mailing, electronic transmission or personal service of the notice of determination or redetermination." *See Hardin*, 102 Nev. at 470 n.2, 471, 727 P.2d at 551 n.2, 552.[1] We also applied the former version of NRCP 6(d) to the 30-day time period to file a petition for judicial review of an agency decision under NRS 233B.130(2)(c) (2005), *amended by* A.B. 94, 74th Leg. (Nev. 2007), where the 30-day period begins "after service of the final agency decision." *See Mikohn Gaming v. Espinosa*, 122 Nev. 593, 598, 137 P.3d 1150, 1154 (2006).[2]

In this case, the statute setting the time to file a petition for judicial review from the NESD Board of Review's determination is NRS 612.530(1). We have held that NRS 612.530(1)'s requirements "are jurisdictional and mandatory." *Bd. of Review, Nev. Dep't of Emp't, Training & Rehab. v. Second Judicial Dist. Court*, 133 Nev. 253, 255, 396 P.3d 795, 797 (2017). Under that statute, a party has "11 days after the decision of the [NESD] Board of Review has become final" to file a petition for judicial review. NRS 612.530(1). Because the statute uses the date the decision becomes final, rather than the decision's service date, to trigger the time to

---

[1]The amendment to NRS 612.495 changed the time to administratively appeal from 10 days to 11, but the relevant language remains the same. NRS 612.495(1).

[2]The amendment to NRS 233B.130 changed the numbering of the subsections, but the relevant language remains the same. NRS 233B.130(2)(d).

SUPREME COURT
OF
NEVADA

(O) 1947A

4

file a petition, NRCP 6(d) does not apply by its plain language. *See Leven v. Frey*, 123 Nev. 399, 403, 168 P.3d 712, 715 (2007) ("[W]hen a statute's language is plain and its meaning clear, the courts will apply that plain language."). Jorrin's reliance on *Hardin* and *Mikohn* is unavailing because the triggering statutes in those cases were based on the service of the agency's decision, as noted above. Indeed, the differences in the statutory language between those statutes and NRS 612.530(1) lend further support to our conclusion. *See State, Dep't of Bus. & Indus. v. Titlemax of Nev., Inc.*, 137 Nev. 540, 545, 495 P.3d 506, 510 (2021) (stating that, when discussing statutory interpretation, "this court presume[s] that the variation in language [between statutes] indicates a variation in meaning" (internal quotation marks omitted) (first alteration in original)). And we note that the time between the mailing of the decision letter, August 27, and the date the decision became final, triggering the 11-day timeline to file a petition for judicial review, September 7, allowed more time for mailing than the 3 days provided by NRCP 6(d).

We recognize that we previously applied the former version of NRCP 6(d) to extend the time to file a petition for judicial review of an NESD Board of Review decision. *See Kame*, 105 Nev. at 23 n.1, 769 P.2d at 67 n.1. The main issue in that case, however, was whether filing the petition in an incorrect format tolled the time for filing, and the opinion did not address former NRCP 6(d)'s service language or that the time to file a petition under NRS 612.530(1) is based on the date the decision becomes final rather than when it is served. *See generally id.* As the issue of whether the three-day mailing rule applied to NRS 612.530(1) was not squarely presented to or decided by the court in *Kame*, that decision does not "hold [a] position[ ] of permanence in this court's jurisprudence" such that the

stare decisis doctrine would compel against revisiting it. *See Miller v. Burk*, 124 Nev. 579, 597-97 & n.65 188 P.3d 1112, 1124 & n.65 (2008) (discussing when the stare decisis doctrine applies such that the previous decision should not be overruled without "weighty and conclusive reasons" for doing so (internal quotation marks omitted)). Even if we concluded *Kame*'s application of the three-day mailing rule constituted stare decisis, overruling the decision is appropriate, as it was "badly reasoned" for the reasons stated above. *Egan v. Chambers*, 129 Nev. 239, 243, 299 P.3d 364, 367 (2013) (quoting *Payne v. Tennessee*, 501 U.S. 808, 827 (1991)). Therefore, to the extent *Kame* can be read to hold that the three-day mailing rule under NRCP 6(d) can apply to extend the time to file a petition for judicial review under NRS 612.530(1), we explicitly overrule it.

Here, as stated in NESD's decision letter, its decision became final on September 7, such that any petition for judicial review had to be filed by September 20.[3] NRCP 6(d) does not apply to extend that deadline. Thus, Jorrin's petition was untimely, and the district court properly dismissed it for lack of jurisdiction. *See Bd. of Review*, 133 Nev. at 255, 396 P.3d at 797. As the district court correctly dismissed the petition, it also did not abuse its discretion in denying Jorrin's motion to alter or amend the dismissal order. *See AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010) (reviewing an order denying such relief for an abuse of discretion).

---

[3]The 11-day time period ended on September 18, a Saturday, and was therefore extended to the following Monday. *See* NRCP 6(a)(1)(C) (providing that, when a statute does not provide how to compute time, if the last day of the period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

## CONCLUSION

We overrule *Kame v. Employment Security Department*, 105 Nev. 22, 769 P.2d 66 (1989), to the extent it holds that NRCP 6(d)'s three-day mailing period can extend the deadline to file a petition for judicial review under NRS 612.530(1). The district court did not apply NRCP 6(d) in this case and correctly determined that it lacked jurisdiction over Jorrin's untimely petition for judicial review. We therefore affirm the district court's orders.[4]

—————————————————————, J.
Herndon

———————————, J.　　　　———————————————, J.
Lee　　　　　　　　　　　　Parraguirre

---

[4]This opinion has been circulated among all justices of this court, any two of whom under IOP 13(b) may request en banc review of a case. The two votes needed to require en banc review in the first instance of the question of overruling *Kame* were not cast.